FILED

2016 Mar-24  PM 07:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY INC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| | 2:15-cv-01491-WMA |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

## <u>DECLARATION OF LILIAN DORKA</u>

1.        I, Lilian Dorka, declare that the following statements are true and correct to the best of my knowledge and belief and that they are based upon my personal knowledge, information acquired by me in the course of performing my official duties, information contained in the records of the United States Environmental Protection Agency ("EPA" or "the Agency"), and/or on information provided to me by my Office of Civil Rights employees and attorneys in the Office of General Counsel.

2.        I am the Deputy Director in the Office of Civil Rights ("OCR") for the EPA. I have held this position since December 2014. As the Deputy Director, I report to the OCR Director, Velveta Golightly-Howell and to the Office of the Administrator's Deputy Chief of Staff.

3.      Prior to joining EPA, I served as Senior Counsel to the Assistant Secretary for Civil Rights at the U.S. Department of Education, where I worked for over 27 years.

4.      In the course of my duties as Deputy Director, I supervise approximately ten EPA employees who together implement OCR's External Compliance Program. The External Compliance Program enforces civil rights laws including Title VI of the Civil Rights Act of 1964 (Title VI), Title IX of the Education Amendments of 1972, Section 504 of the Rehabilitation Act of 1973, and the Age Discrimination Act of 1975. Together, these laws and their implementing regulations prohibit applicants and recipients of EPA financial assistance from discriminating on the basis of sex, disability, age, and race, color or national origin (including on the basis of limited-English proficiency). The Program also enforces Section 13 of the Federal Water Pollution Control Act Amendments of 1972, which prohibit discrimination based on sex under programs or activities receiving financial assistance under the Act. The External Compliance Program also responds to Freedom of Information Act (FOIA), 5 U.S.C. § 552(a), requests.

5.      This declaration provides factual background information, describes EPA's response to Plaintiff's FOIA request, and explains EPA's decision to withhold responsive information pursuant to FOIA exemptions. The attached *Vaughn* index contains additional detail about each record the Agency redacted pursuant to FOIA exemptions.

6.      I am personally familiar with the FOIA request that Mr. Tal Simpson submitted on March 6, 2015 on behalf of Plaintiff, Drummond Company Inc.

## I.      COMPLAINTS UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964.

7.      This litigation and the underlying FOIA request concerns two Title VI complaints. Title VI allows persons to file administrative complaints ("Title VI complaints") with federal

departments and agencies alleging discrimination by financial assistance recipients. EPA Regulations direct OCR to process non-discrimination complaints.

8.      After receiving a Title VI complaint, OCR conducts a jurisdictional review. Jurisdictional review ensures the complaint is proper and that OCR has authority to initiate an investigation. Next, OCR informs the complainant and recipient as to whether it can accept, reject and/or refer the complaint. When a complaint satisfies the jurisdictional review elements, OCR then begins the investigative process. At any time during an investigation, OCR may initiate an informal conciliation agreement by collaborating with the complainant and recipient or seeking alternative dispute resolution. If OCR completes an investigation, it issues a letter of finding to both complainant and recipient.

9.      OCR received the first related Title VI Complaint on February 6, 2015 from Mr. David Ludder on behalf of a group of complainants. The complaint alleges that the Jefferson County Department of Health ("JCDH" or "recipient") "violated Title VI and EPA's implementing regulations by issuing, on August 11, 2014, Major Source Operating Permit No. 4-07-0001-03 authorizing ABC Coke, A Division of Drummond Company, Inc. to operate a major source of air pollution in Jefferson County, Alabama which has the effect of adversely and disparately impacting African-American residents in the adjacent community."

10.     OCR assigned the complaint tracking number 03R-15-R4 and performed a jurisdictional review. On March 6, 2015, OCR sent letters notifying complainant and recipient of OCR's receipt and acceptance of the complaint for investigation.

11.     OCR received the second related complaint on March 3, 2015. Mr. Ludder submitted this complaint on behalf of a different group of complainants. The March 3, 2015 complaint alleges that JCDH "violated Title VI and EPA's implementing regulations by issuing,

on October 3, 2014, Major Source Operating Permit No. 4-07-0355-03 authorizing Walter Coke, Inc. to operate a major source of air pollution in Jefferson County, Alabama which has the effect of adversely and disparately impacting African-American residents in the adjacent community without justification."

12.     OCR assigned the complaint tracking number 08R-15-R4 and performed a jurisdictional review. On or about April 1, 2015, OCR sent letters notifying complainant and recipient of OCR's receipt of the complaint. On August 10, 2015, OCR sent letters notifying the complainant and recipient of OCR's acceptance of the complaint for investigation.

13.     Currently, OCR is conducting investigations to determine whether JCDH's renewal of the Major Source Operating Permits (MSOPs) for the ABC Coke facility (complaint 03R-15-R4) and Walter Coke facility (complaint 08R-15-R4) have a discriminatorily disproportionate adverse impact on the health of the neighboring, predominantly African American, community on the basis of race/color, in violation of Title VI and its implementing regulation.

## II.     FOIA REQUEST EPA-HQ-2015-004930 SUBMITTED BY THE PLAINTIFF.

14.     On March 6, 2015, Mr. Tal Simpson submitted a FOIA request via FOIAonline, the Agency's internet based FOIA tracking system. From FOIAonline, requesters can submit FOIA requests, track the status of requests, search for requests submitted by others, and access previously released records. The request sought "any and all agency records, including but not limited to communications, related to the Title VI complaints submitted to [OCR] by Mr. David Ludder, which are respectively dated February 5, 2015, and March 2, 2015. Please include, in addition to all other records related to these two Title VI complaints, complete, unredacted

copies of each complaint." FOIAonline assigned the request tracking number EPA-HQ-2015-004930.

15.     On March 6, 2015, EPA's headquarters FOIA office assigned Mr. Simpson's request to the Administrator's Office of Executive Secretariat (OEX), which coordinates FOIA requests for programs within the Offices of the Administrator, including OCR. On March 9, 2015, OEX assigned the request to OCR.

16.     On April 23, 2015, an OCR staff assistant assigned the request to Mr. Sam Peterson, an equal opportunity investigator in OCR's External Compliance Program.

17.     On April 24, 2015, Mr. Peterson sent an email to Mr. Simpson that stated "OCR is reviewing your request and will be in contact with you thereafter."

18.     On June 17, 2015, Mr. Peterson responded to Mr. Simpson in a letter that stated, in part: "EPA will be unable to provide you with further information on these complaints until such time as the matters are resolved" and "EPA asks that you frame the request in a way that will permit EPA employees to identify and locate relevant records. This request potentially implicates thousands of responsive documents from dozens of custodians, stored in several Agency offices nationwide." The letter also quoted EPA's FOIA regulations, 40 CFR § 2.102(c), and asked Mr. Simpson to clarify his request.

19.     Mr. Simpson did not respond to the June 17, 2015 letter.

20.     After Plaintiff initiated this lawsuit, the Agency used information in the Complaint to structure and perform broad searches for responsive records, and then performed document review and production.

21.     *Search*. In November and December 2015, OCR, in consultation with other EPA offices, created a list of approximately 48 employees, from Headquarters and Region 4 offices,

likely to be custodians of records responsive to the request. Next, the Agency created a list of

keywords including "Ludder", "Greater Birmingham Alliance to Stop Pollution", "GASP",

"G.A.S.P." "Jefferson County Department of Health", "JCDH,", "07-0001-03," "07-0355-

03,""Walter Coke", "ABC Coke," Drummond.", "Title VI" and "Title 6". The key words and

custodians were sent to EPA's Office of Environmental Information ("OEI").

22.     OEI, which maintains the Agency's email system and is generally responsible for

performing centralized electronic searches of email files on behalf of program offices, was

tasked with searching for responsive emails using a centralized tool. Based on the custodian list

and keywords provided, OEI searched the 48 employees' email files. OEI then provided the

search results for review.

23.     Additionally, Mr. Peterson, the equal opportunity investigator assigned as case

manager to both the February and March Title VI complaints, performed a manual search of the

case files for responsive records. This manual search ensured that any responsive records not

contained in the email system, such as word processing documents not attached to an email and

hard copy records, were also located and produced. As a result, EPA searched all locations

reasonably likely to contain responsive records.

24.     **Review**. All potentially responsive records were compiled and reviewed for

responsiveness to the request. Then, responsive records were reviewed, line-by-line, to locate

and redact information exempt from disclosure under FOIA. The attached *Vaughn* index lists and

explains all exemptions applicable to each redaction.

25.     **Production**. On January 11, 2016, EPA emailed an 1195 page PDF of responsive

records to the Plaintiff, who confirmed receipt.. In total, EPA produced approximately 400

responsive records. Approximately 220 records were released in full and approximately 180 were released in-part (with redactions). No responsive records were withheld in full.

26.     In preparing the attached *Vaughn* index, Agency attorneys performed additional review of the partially redacted records and identified approximately 20 records that were originally released to requester in-part, but the Agency has released those records in full. In total, EPA thus released approximately 240 records in full and approximately 160 records in part.

27.     Of the responsive records released in part, EPA redacted approximately 130 records under Exemption 5's deliberative process privilege, approximately 40 under Exemption 5's attorney client privilege, approximately four under Exemption 6, and approximately two under Exemption 7(c). Some records contain redactions under multiple exemptions, as indicated on the *Vaughn* index.

### III.     *VAUGHN* INDEX AND WITHHELD RECORDS.

28.     The Agency made the majority of its withholdings pursuant to the Exemption 5's deliberative process privilege and attorney-client privilege. Exemption 5 protects inter- and intra-agency documents and communications which would not be available by law to a party other than an agency in litigation with the agency. The Agency also withheld content under Exemptions 6 and 7(c). Exemption 6 protects information about individuals in personnel, medical, and similar files when disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. Exemption 7(c) protects records or information compiled for law enforcement purposes to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. The attached *Vaughn* index further describes the withheld information, the basis for withholding the information, the applicability of the Exemption(s) to the redacted information, and explains segreability.

A.      **FOIA Exemption 5's Deliberative Process Privilege.**

29.      The responsive records EPA withheld in part pursuant to Exemption 5's

deliberative process privilege ("DPP") are inter- and intra-agency emails, draft correspondence,

proposed meeting agendas, and internal briefing memos that all remained internal to EPA. The

DPP applies to predecisional and deliberative information. I describe the similar categories of

documents below, and the included *Vaughn* index describes each individual document in further

detail.

30.      EPA's deliberative process can involve the creation of draft correspondence by

staff-level EPA employees that is then reviewed, edited, and modified by multiple EPA

employees before the correspondence becomes final at the direction of the higher-level EPA

official that signs the document. Some of the withheld content include drafts of official

correspondence from my office. This category also includes drafts of documents developed to

prepare EPA officials to communicate about potential agency activities relating to the Title VI

complaints. These records include jurisdictional review analyses and memos, communications

with public affairs staff, and acknowledgement and acceptance letters used to correspond with

Title VI complainants. Where applicable, final versions of the formal correspondence in this

category were released.

31.      The withheld information is predecisional because it was prepared to assist EPA

employees evaluate choices related to acceptance or rejections of the Title VI complaints. The

formal or official correspondence normally communicates an Agency finding or conclusion to

another party, and therefore until such time as the document is finalized and signed, the draft

versions and EPA employees' internal correspondence discussing the issues addressed within the

drafts remain predecisional. The internal drafts developed for this purpose are deliberative

because they reflect back-and-forth discussion and edits between staff at the Agency working to accurately communicate with an interested party. Drafts of these documents also reflect information and statements that are often changed, replaced or removed based on further development and refinement of the Agency's intended communication. Release of this draft information would harm the Agency's ability to clearly and effectively communicate. Release may also have a chilling effect on candid discussions among EPA staff regarding considerations of accuracy, completeness, required context, tone and related issues when finalizing an official piece of correspondence. Full release of all draft material would also create public confusion by introducing ideas, analysis and opinions of staff that were not ultimately selected for inclusion and do not represent the final outcome.

32.     EPA also withheld in part email messages pertaining to both the development of substantive Agency decisions regarding the Title VI complaints and the drafting and development of formal letters to communicate with the complainant and recipient. The redacted emails contain deliberations between OCR, EPA Region 4, public affairs staff and Office of General Counsel ("OGC"). The emails address topics such as the cogency of the complaints' allegations and the complainants' personal privacy interests. Most redacted emails contain discussions between EPA staff regarding a series of expected decisions relating to the Title VI complaints' allegations. Some of the withheld information represents staff-level discussions about responding to the Title VI complaints, how to evaluate and respond to the complaints, and the status of pending actions at a Superfund site related to the Title VI complaints. The redacted information also relates to the development of formal correspondence and other draft documents including edits, suggestions, recommendations, and general back-and-forth email discussions about documents in draft form. Other redactions are made to protect internal coordination

between various EPA offices, including OCR, OGC, public affairs and EPA Region 4, that were reviewing the Title VI complaints simultaneously.

33.     These emails are predecisional because they address the Agency's various options and tactics relating to the Agency's response to the requested Title VI complaints. The emails reflect discussion among staff about how to best communicate with relevant interested parties. Further, these emails are deliberative because they contain informal and impromptu exchanges of employee thoughts and opinions about the Agency's future decisions, but the redacted emails do not represent final Agency determinations. OCR staff routinely email one another, providing and responding to suggestions as they draft documents or answer inquiries from colleagues. Email is a means for EPA employees to communicate quickly, candidly, and informally to carry out their duties as promptly and efficiently as possible. These email discussions about ongoing tasks most resemble give-and-take conversations between staff members. Disclosing such emails would severely hamper the Agency's ability to efficiently conduct day-to-day operations because employees would fear release of their open ended discussions, ideas, advice, and constructive criticism exchanged by email. If the redacted information were disclosed, EPA employees would be less likely to use email as a tool to quickly, candidly, and effectively communicate with their colleagues, especially colleagues located in different and often distant EPA offices. Full release of the redacted content would reveal significant portions of candid email conversations seriously hindering EPA's ability to foster open and honest internal discussion necessary for thorough, efficient, and reasoned decision-making.

34.     EPA's evaluation of and activities relating to the requested Title VI complaints generated additional deliberative documents, including meeting agendas and ideas, notes, and project status reports. Each of these withheld document types are used to enhance EPA

employees' work product and contain employees' mental impressions and independent thoughts. This category of records is predecisional because EPA employees typically create them during analytic processes. For example, such records are deliberative because they reflect thoughts and ideas of an individual employee regarding information discussed or presented at a teleconference, phone call or meeting convened to address various necessary duties that follow the submission of a discrimination complaint. Full release of these redacted records would be harmful because EPA employees would hesitate to record contemporaneous thoughts and notations while performing their jobs.

### B.  FOIA Exemption 5's Attorney Client Privilege.

35.     FOIA's Exemption 5 also protects attorney-client privileged information, or specifically, confidential communications amongst Agency attorneys or between Agency attorneys and their Agency clients. The majority of redacted content subject to the attorney client privilege ("ACP") was created as Agency attorneys prepared to provide or provided legal advice concerning the jurisdictional review of the discrimination complaints and personal privacy of complainants. To prepare legal advice, attorneys frequently communicate with their attorney colleagues and then with their clients to discuss the application of facts to their interpretation of related laws and regulations.

36.     OCR's tasks following receipt of discrimination complaints require the Agency to make legal determinations, so Agency attorneys must regularly contribute legal advice and counsel to their Agency clients responsible for processing, responding to and investigating the complaints. Agency attorneys also advise their internal clients when unique legal and regulatory questions arise. Attorneys help other Agency employees apply new sets of facts to existing laws and regulations.

37.     Some responsive records are redacted pursuant to both DPP and ACP because, for example, OCR sent legal questions to OGC and Region 4 attorneys during and about the analytic processes discussed above in the DPP paragraphs. In fact, a specific OGC attorney is made available to counsel the external compliance staff assigned to process each discrimination complaint. External compliance employees are encouraged to seek legal advice and counsel whenever needed. Protecting attorney-client communications and related documents from disclosures allows my staff to seek legal advice and conduct candid conversations with counsel without fearing release.

## C.     FOIA Exemption 6.

38.     Responsive records withheld pursuant to Exemption 6 contain private citizens' names, addresses and telephone numbers, or personal information of EPA employees. Exemption 6 protects from disclosure personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. Before withholding information pursuant to this exemption, EPA balances the privacy interests of the individuals mentioned in the records against public interest in disclosure. In conducting this analysis, the public interest in disclosure is determined by asking whether the information in question sheds light on EPA's performance of its mission to protect human health and the environment.

39.     EPA reviewed each item of information to determine the nature and strength of the privacy interest of every individual whose name and/or personal information appears in the responsive records.

40.     I understand from counsel that the plaintiff specifically requested "unredacted" copies of two Title VI complaints. My office, in consultation with OGC, determined that the

Title VI complaints could only be released after redacting the full names, street address, and phone numbers of approximately 42 complainants named in the two Title VI complaints. EPA released the complainants' city, state and zip code to allow the requester and public to determine the complainants' general location because the general location may shed light on EPA's ability to protect human health and the environment. However, the complainants' privacy interests in the remaining withheld information outweigh any FOIA requester's interest in the information because the withheld personal information does not shed light on EPA's ability to protect human health and the environment.

41. EPA protects personal identifiable information, such as complainants' names and home addresses, to reduce the likelihood of complainants' receiving unsolicited mailings, phone calls, visitors to their private residence, and intimidation related to the Title VI complaint. In this instance, the harm to the individual as a result of the disclosure outweighs the public interest in such disclosure.

42. EPA also applied Exemption 6 to approximately three records to protect EPA employees' personal information such as non-government personal email addresses and a non-government personal telephone number. Disclosure of this information would constitute an unwarranted invasion of personal privacy. The withheld information applies to and is identified with an individual. There is no public interest in the individuals' personal, non-government, contact information. Additionally, EPA redacts such information to protect the employees from potential unsolicited communications to their personal, non-government, contact information. This personal contact information does not shed light on the Agency's performance of official duties. The harm to the individual resulting from disclosure of this information outweighs the public interest in disclosure.

13

### D.      FOIA Exemption 7(c).

43.      Exemption 7(c) is used to redact the names, addresses and telephone numbers of the Title VI complainants. EPA uses Exemption 7(c) only in the two Title VI complaints.

44.      Exemption 7(c) protects from disclosure records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.

45.      OCR is required to enforce the civil rights laws. The requested Title VI complaints are law enforcement records that pertain specifically to private citizens. EPA relies on private citizens to submit information and allegations that assist the Agency in enforcing the non-discrimination statutes. The names and personal contact information of private citizen complainants does not relate to any official information about EPA or any government agency. Instead, release of such information is an invasion of citizens' privacy. If their information is disclosed and made available to the requester and general public, the complainants could be subject to harassment or intimidation and in turn compromise the investigation. Furthermore, others subject to violation of non-discrimination laws may be fearful of filing a complaint if EPA releases complainants' names, home addresses and phone numbers to the public.

## IV.    SEGREGABILITY.

46.      Following a line-by-line review of the responsive records by Agency attorneys, all reasonably segregable, non-exempt information was released to the requester. As a result of EPA's line-by-line review of the responsive records, the Agency is not withholding in full a single responsive record. The Agency made every possible effort to release all reasonably, non-exempt, segregable information. For example, where the Agency redacted significant portions of an email, it disclosed all non-exempt segregable information such as the TO, FROM and CC

names, sent or received dates, subject lines and all other non-exempt email content. Where EPA

withholds portions of internal drafts of formal correspondence or memos, the disclosed record

contains ample amount of information to provide all possible context to the requester and general

public.

### V.    DUPLICATIVE RECORDS.

47.    Within the approximately 400 responsive records, EPA identified approximately

150 records containing duplicative content. Where practicable, the *Vaughn* index cross-

references these duplicative records and points the requester to the record containing the greatest

amount of disclosed content.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on this *23* day of March 2016

Lilian Dorka
Deputy Director
Office of Civil Rights
U.S. Environmental Protection Agency

15

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000095 | | I cancelled our mtg as I don't think you have any JRs. I will schedule another mtg to discuss your investigations. Thx | | Released in Full |
| _00000096 | 00000096; 00000104; 00000132; 00001582; | Latest Ludder Complaint regarding JCDH Major Source Permit No. 4-07-0355-03 EPA File No. 08R-15-R4 | | Released in Full |
| _00000097 | | Complaint Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7, and 40 C.F.R. Part 7 - Jefferson County [Alabama] Department of Health | Ex. 6 and 7(c ) | The redacted record is the  March 2, 2015 Title VI Complaint submitted to EPA under  Title VI of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d to 2000d-7, and 40 C.F.R. Part 7) by attorney David Ludder on behalf of complainants. Complainants allege that the Jefferson County Department of Health (JCDH) violated Title VI and EPA's implementing regulations by issuing a Major Source Operating Permit authorizing Walter Coke, Incl. to operate a  facility in Jefferson County Alabama that emits air pollutants. Complainants allege that the facility adversely and disparately impacts African-American residents in the communities surrounding Walter Coke's facility. Complainants argue that EPA Office of Civil Rights should investigate whether the Jefferson County Department of Health violated Title VI of the Civil Rights Act by permitting Walter Coke's emissions to adversely impact African-American residents. |

EXEMPTION 6 PERSONAL PRIVACY:  The redactions prevent disclosure of names and home addresses of private citizens. Disclosure of these names, addresses and contact information would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with private citizens. There is no public interest in the individuals' personal contact information, such as full names and home addresses. The names and addresses redacted on the basis of Exemption 6 for personal privacy are protected to avoid potential unsolicited communications or intimidation related to the Title VI Complaint; to prevent possible burden of unsolicited mailings and visitors at a private residence. Also, in this instance where the individuals' names and addresses have been withheld, the redactions do not cover the city, state, and zip code. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

EXEMPTION 7(c) Exemption 7(c) protects from disclosure records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. Information withheld under 7(c) remains withheld even after the related law enforcement investigation ends. 7(c) applies to personal privacy of all individuals involved in an investigation. Exemption 7(c) is the law enforcement counterpart to Exemption 6 and both exemptions apply to the redacted personal identifiable information contained in the two Title VI complaints at issue. EPA uses Exemption 7(c) only in the two Title VI complaints.  OCR is required to enforce the civil rights laws. The requested Title VI complaints are law enforcement records that pertain specifically to private citizens. EPA relies on private citizens to submit information and allegations that assist the Agency in enforcing the non-discrimination statutes. The names and personal contact information of private citizen complainants does not relate to any official information about EPA or any government agency. Instead, release of such information is an invasion of citizens' privacy. If their information is disclosed and made available to the requester and general public, the complainants could be subject to harassment or intimidation and in turn compromise the investigation. Furthermore, others subject to violation

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000098 | | | 5 DPP | The redacted document is a draft Jurisdictional Review document used within the Office of Civil Rights to evaluate Title VI complaints and to determine if the Complaint is proper and warrants OCR's investigation per 40 CFR Section 7.120. A complaint must satisfy four essential jurisdictional elements for OCR to accept a complaint for further investigation. OCR must conduct internal analysis and deliberations while evaluating a Title VI complaint. The Jurisdictional Review document is an essential element of OCR's analysis and deliberations.

EXEMPTION 5 DELIBERATIVE PROCESS: The redacted portion of the draft document contain pre-decisional jurisdictional theories and recommendations, which fall under Exemption 5's deliberative process privilege. The withheld draft attachment reflects pre-decisional deliberations between EPA employees and their managers about the Title VI Civil Rights complaint filed by Mr. David Ludder on March 3, 2015. The redacted portions provide information about the Agency's internal decision making process. At the time the document was created, EPA was deliberating about the proper response. Employees draft jurisdictional review documents to make recommendations to their supervisors. This version is in draft form prior to the employee sending it to the supervisor. The authors do not have decision-making authority with respect to providing the final response to the Complainant. Furthermore, the final version, not this draft version, becomes a briefing document that helps management understand the issues surrounding the pending Title VI Complaint.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues of how to best coordinate the Agency's response and whether or not the Complaint satisfied applicable laws and regulations. The record reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for responding to the Title VI Request. The document does not represent a final agency action.

Release would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to its response to the pending Title VI complaints. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the Title VI complaints. Furthermore, release would cause public confusion by disclosing rationales and reasons that may not in fact weigh on EPA's final decision. The withheld information was not circulated outside the Agency. |
| _00000099 | N/A | | | Released in Full |
| _00000100 | 00000100; 00000136 | | | Released in Full |
| _00000101 | 00000101; 00000137 | | | Released in Full |
| _00000104 | 00000096; 00000104; 00000132; 00001582; | Latest Ludder Complaint regarding JCDH Major Source Permit No. 4-07-0355-03 EPA File No. 08R-15-R4 | | Released in Full |
| _00000110 | N/A | 08-15-R4 Jefferson County #2 | | Released in Full, 3-23-16 |
| _00000111 | | EPA File No. 08R-15-R4 | | Released in Full. Note: the small gray box is not a redactions, this is generated by mobile devices in some emails. |
| _00000113 | | | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000116 | | FINALIZED AND MAILED: LUDDER/STATON Notification of Receipt of Administrative Complaint EPA File No. 08R-15-R4 | | Released in Full, 3-23-16 |
| _00000117 | | | | Released in Full |
| _00000118 | | | | Released in Full |
| _00000119 | | | | Released in Full |
| _00000120 | | | | Released in Full |
| _00000122 | 00000122; 00000128; 00000258 | Ludder - Jefferson County Department of Health: Region 4 | | Released in Full, 3-23-16 |
| _00000123 | | | | Released in Full |
| _00000124 | | | | Released in Full |
| _00000128 | 00000122; 00000128; 00000258 | Ludder - Jefferson County Department of Health: Region 4 | | Released in Full, 3-23-16 |
| _00000131 | 00000131; 00000138 | Complaint No. 03R-15-R4; Response of Jefferson County Department of Health | 5 DPP | The redacted record is an inter-agency email string. Jeryl Covington's 4/1/15 email contains personal impressions and opinions about forthcoming agency action. Ms. Covington also seeks input and opinions from inter-agency colleagues. Helena Wooden-Aguilar's 3/31/15 email contains questions, opinions, advice and non-final planning and scheduling comments.<br><br>EXEMPTION 5 DELIBERATIVE PROCESS: The withheld portions of the email string are pre-decisional deliberations between EPA employees and their managers about Title VI Complaints submitted to the Agency. At the time the emails were sent, the Agency had not yet made a response determination on the Title VI Complaint under discussion. These EPA employees were discussing their forthcoming response to the Title VI complaint and relegated inquiries. The attachment is the March 3, 2015 Title VI complaint submitted by David Ludder (see Doc ID 000621_01_00000097-000010 at PDF Page 6 of 1195).<br><br>The withheld information is deliberative because EPA employees and managers were coordinating the Agency's response to the Title VI complaint. The employees were also discussing who should be involved in reviewing and processing the Title VI complaint. Additionally, the email contains an employee's request for advice and questions to his/her supervisors about properly responding to external inquiries about the Title VI complaint. The entire email string remains entirely internal to the agency.<br><br>Release would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to its response to the pending Title VI complaint. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the Title VI complaint response. Furthermore, release would cause public confusion by disclosing individual opinions, questions and deliberations that may not have ultimately influenced the Agency's response to the Title VI complainant and related inquiries. The withheld information was not circulated outside the Agency. |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000132 | 00000096; 00000104; 00000132; 00001582; | Latest Ludder Complaint regarding JCDH Major Source Permit No. 4-07-0355-03 EPA File No. 08R-15-R4 | | Released in Full |
| _00000136 | 00000100; 00000136 | | | Released in Full |
| _00000137 | 00000101; 00000137 | | | Released in Full |
| _00000138 | 00000131; 00000138 | Complaint No. 03R-15-R4; Response of Jefferson County Department of Health | 5 DPP | The redacted information is contained in internal agency emails.  Helena Wooden-Aguilar's 4/1/15 email contains questions, opinions, advice and non-final planning and scheduling comments. The withheld portions of the email string reflect pre-decisional deliberations between EPA employees and their managers about Title VI Complaints submitted to the Agency. At the time the emails were sent, the Agency had yet to respond to the Title VI Complaint, and EPA was deliberating on the best approach for responding to the Title VI complaint and related inquiries.<br><br>The withheld information is deliberative because EPA employees and managers were still internally discussing issues of how to best coordinate the Agency's response and who should be involved with processing the  Title VI complaint. The withheld information is also deliberative because an agency employee is asking his supervisor for advice in responding to external inquiries about the Title VI complaint.<br><br>Release would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to its response to the pending Title VI complaint. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the Title VI complaint response. Furthermore, release would cause public confusion by disclosing individual opinions, questions and deliberations that may not have ultimately influenced the Agency's response to the Title VI complainant and related inquiries. The withheld information was not circulated outside the Agency. Redacted portion below "On Mar 31, 2015, at 5:58 PM, "Peterson, Samuel" <Peterson.Samuel@epa.gov> wrote:" on page 75 of 1195 is released in document 00000131 (page 66 of 1195). That mistakenly redacted text reads: "As received from JCDH attorneys. Are they entitled to unredacted copies of the Complaint?" |
| _00000141 | | | | Released in Full |
| _00000204 | 00000438; 00000674; 00000675; 00000907; 00000919; 00000942; 00000948; 00001049; 00001051; | background complaint for Privacy Act issue | | Released in Full, 3-23-16 and released in multiple other documents. |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000207 | | Complaint Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7, and 40 C.F.R. Part 7 - Jefferson County [Alabama] Department of Health | 6; 7c | The withheld information is within a February 5, 2015 Complaint filed under Title VI of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d to 2000d-7, and 40 C.F.R. Part 7) by attorney David Ludder on behalf of complainants. The withheld portion of the Complaint relates to personal names and home address contact information of private citizens, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with private citizens.

EXEMPTION 6 - PERSONAL PRIVACY
There is no public interest in the individuals' personal contact information, such as personal full names and home addresses. The names and addresses redacted on the basis of Exemption 6 for personal privacy are protected to avoid potential unsolicited communications; to prevent possible burden of unsolicited mailings and visitors at a private residence. Also, in this instance where the individuals' names and addresses have been withheld, the redactions do not cover the city, state, and zip code. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

EXEMPTION 7(c) PERSONAL PRIVACY  Exemption 7(c) also applies to the complainants' names, addresses, and telephone numbers found in both of the Title VI Complaints named in Plaintiff's FOIA request. Ex. 7(c) is the law enforcement counterpart to Exemption 6. EPA released in full the remaining content of those two records.The Title VI complaints are law enforcement records that pertain specifically to private citizens. Once OCR accepts a Title VI complaint, it immediately begins an investigation. The identity of individuals who provide allegations of wrongdoing to EPA in no way provides official information about EPA or any government agency. The names, addresses, and phone numbers of private citizens alleging that their local Health Department violates Civil Rights laws should not be released because the complainants could be subject to harassment or intimidation by someone who disagrees with the allegations provided in the Title VI complaint. Complainants may choose to disclose their identity and contact information, but EPA is not obligated to do so without the complainants' consent. Exemption 7(c) protects from disclosure records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. Information withheld under 7(c) remains withheld even after the related law enforcement investigation ends. 7(c) applies to personal privacy of all individuals involved in an investigation. Exemption 7(c) is the law enforcement counterpart to Exemption 6 and both exemptions apply to the redacted personal identifiable information contained in the two Title VI complaints at issue. EPA uses Exemption 7(c) only in the two Title VI complaints.  OCR is required to enforce the civil rights laws. The requested Title VI complaints are law enforcement records that pertain specifically to private citizens. EPA relies on private citizens to submit information and allegations that assist the Agency in |
| _00000253 | | Recipient request for Copy of Complaint Filed regarding Complaint 03R-15-R4 (JCDH/ABC Coke) | | Released in Full |
| _00000258 | 00000122; 00000128; 00000258 | Ludder - Jefferson County Department of Health: Region 4 | | Released In Full, 3-23-16 |
| _00000259 | | Acknowledgement Letter | | Released In Full, 3-23-16 |
| _00000264 | 00000264; 00001745; 00003213 | | NR | The redacted text is non-responsive. This record is titled "2015 Title VI - Region IV Second Quarter Update." The only portion of this document that is responsive to  the FOIA request was released in full, but the non-responsive portions in 00000264 were released in Doc ID 00001745. Doc ID 00001745 contains additional non-responsive pages that are not found in Doc ID 00000264. |
| _00000295 | | | | Non-responsive |
| _00000296 | | Title VI Complaint Lists | | The redacted text is non-responsive. This record is a list of Title VI Complaints. It mentions Complaint 4R-15-R4 and is therefor partially responsive, but no other content in the record is responsive to the FOIA request |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000305 | | Notification Template | 6 | The redaction covers name of a Title VI complainant who submitted a complaint alleging that recipient of EPA funds in EPA Region 9 (west coast) violated Title VI of the Civil Rights Act. The redacted name is located in the file name of an email attachment. The attachment itself is non-responsive. The email was sent by an OCR attorney and an OCR investigator. The redacted name relates does not relate to EPA Region 4 or Plaintiff's FOIA request at issue in the present litigation. --<br><br>EXEMPTION 6 PERSONAL PRIVACY -- The redaction removes the name of a private citizen who filed a Title VI complaint. The name is redacted because it is the name of a private citizen complainant. There is no public interest in the individuals' name. The name is protected to avoid revealing the complainant's identity and possible repercussions associated with revealing the person's identity. The potential harm to the private citizen from disclosure outweighs the public interest in such disclosure. Additionally, Plaintiff has no interest in this name because it is not associated with the Title VI Complaints at issue in the litigations. |
| _00000401 | 00000401; 00000479; 00000505 | JCBH's dismissal of GASP's request for a hearing re ABC Coke permit | | Released in Full |
| _00000403 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449; 00000475; 00000687; 00000859; 00000861; 00001295; 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP; ACP | This document is one of many near duplicates.  Each of the near duplicates contain an email written by Robert W. Caplan, attorney in R4's Office of Regional Counsel, originally sent on March 23, 2015. Document IDs 00000687 and 00000859 reveal the greatest amount of Mr. Caplan's March 23 email. Most of these near duplicates also include an email from Robert W. Caplan to Collette Harrell, Bcc'ing Alyssa Gesell, both EPA OGC attorneys, sent on April 22, 2015 at 12:30 PM). Each duplicate contains slightly different redactions.  The common emails between each of the near duplicates resent and/or forwarded to multiple different epa employees on different days. Nevertheless, unless otherwise noted, the Vaughn explanations are the same for each duplicate because the subject matter (including facts and any relevant law) of each redaction is identical. Each time the email was resent or forwarded, it remained within EPA and was only shared with EPA employees with a need to know. The reoccurring email from Mr. Caplan to Kim Jones discusses ongoing actions between EPA R4 and ABC Coke including injunctive relief, compliance, settlement negotiations, and potential consent decree.  The Ex. 5 redactions fall under both the Deliberative Process Privilege and the Attorney Client Privilege.<br>EX 5 DPP - This document is predecisional and deliberative because it discusses ongoing decision-making processes. The email was sent before a decision about its subject matter was made and discusses EPA's options and future decisions about the Title VI complaint. It includes phrases like "here's an update", "I can update you again after", "things could begin to move quickly" and "it is my hope." These are all parts of a deliberative discussion and an update on an ongoing process. The author of the email does not make final EPA decision, and is updating others in the agency about an ongoing process. The email remained internal to EPA and release would discourage employees from writing emails to keep their colleagues aware of ongoing work that eventually leads to more concise agency actions.<br>EX 5 ATTORNEY CLIENT PRIVILEGE Mr. Caplan's email provides both factual information and hypothetical scenarios applied to relevant law and policy.  Redacted portions of Mr. Caplan's email contain legal analysis and guidance as related to relevant facts. The attorney is providing advice about ongoing legal matters. Mr. Caplan also discusses ongoing agency strategy and negotiations between EPA and ABC Coke. The emails take place as part of an effort to provide legal advice to the OCR clients. Multiple EPA offices and programs are all involved in the matters discussed by Mr. Caplan and Attorney Client Privilege applies in this situation even where there are multiple clients because each client and EPA employee share a common interest and common need for legal guidance. These emails remain internal to EPA and are shared only among attorneys and their clients. This information and this type of communication must be protected from disclosure to allow for open and frank communication between counsel and client.   The email chain speculates about an expected response from ABC Coke. At the time of the email, ABC Coke's response had not been received by the Agency. Mr. Caplan also expresses his expectations for future work to take place if and when EPA receives a response from ABC Coke. Mr. Caplan expresses opinions by saying things like "it is my hope that" and "it is possible that things could begin to move pretty quickly if..." Mr. Caplan also discusses the need for future meetings to discuss ABC Cokes expected correspondence with |
| _00000405 | | GASP | | Release in Full - the black box on this document is not a redaction. The black box is part of the original message and is somehow associated with the hyperlink above it. The black box does not cover up any text of information. It is original to the email. |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000406 | 00000406; 00000409; 00000442; 00000478; 00000951; 00003451; 00003552; | requests for hearing with JCBH to contest Major Source Operating permits | | Released in Full |
| _00000407 | | | | Released in Full |
| _00000409 | 00000406; 00000409; 00000442; 00000478; 00000951; 00003451; 00003552; | requests for hearing with JCBH to contest Major Source Operating permits | | Released in Full |
| _00000410 | 00000410; 00000881; | Privacy Act question (for Dayna re Jefferson County) | 5 ACP | The redacted text is in an email string that began when OCR's Senior Advisor to the Director asked an attorney in OGC's Civil Rights and Finance Law Office (CRFLO) for legal guidance. OGC-CRFLO attorneys then forwarded the email to an attorney in OGC's Information Law Practice Group (ILPG) for additional input. Portions of the email string are between OGC Attorneys only. All of the redacted correspondence relates to one legal question about  that originated in OCR.  The email discussion addresses the interplay between the Privacy Act and the Title VI of the Civil Rights Act.

EXEMPTION 5 ATTORNEY CLIENT PRIVILEGE   The withheld portions of the email string comprise communications between attorneys in the Office of General Counsel and their OCR program clients relating to legal matters--the interplay between the Privacy Act and Title VI complaints, and EPA's application of FOIA exemptions to records responsive to the FOIA requests.  Within the emails, the OCR clients are discussing issues related to the responsive records and requesting advice from the Office of General Counsel attorney-advisor on how to proceed with FOIA requests. The records contain facts divulged by the clients to their attorneys. The emails are confidential and were only shared with those who had a need-to-know. |
| _00000412 | 00000412; 00000416; 00000884 | air consultation | | Released in full in Doc ID 00000416 |
| _00000416 | 00000412; 00000416; 00000884 | air consultation | | Released in full in Doc ID 00000416 |
| _00000421 | | follow-up research re Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00000423 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Release in Full |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000424 | | Civil Rights Complaint Against Alabama Health Department | | The redacted text on PDF page 209 of 1195 (Doc ID ED_00621_01_00000424-00007) is part of an email string between OGC, OCR, and Office of Public Affairs. The emails discuss strategies for responding to a press inquiry.<br><br>EXEMPTION 5 DELIBERATIVE PROCESS PRIVILEGE. The redacted text is pre-decisional and deliberative opinion expressed by Jennifer Colaizzi to her Agency colleagues about handling a press inquiry. Ms. Colaizzi expressed her thoughts and shared those thoughts with multiple agency colleagues. The withheld portion does not contain an official agency policy or decision. Ms. Colaizzi shared her opinion with others involved in the decision making process. The redacted text is deliberative because EPA employees and manages were discussing a press inquiry and how to best respond. The record reflects Ms. Colaizzi's analysis of the press inquiry and her agency colleagues were considering and discussing Ms. Colaizzi's opinion. Release would discourage Ms. Colaizzi and other agency employees from engaging in open and frank discussions about the agency's strategies. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussion and consultations concerning public messaging. Ms. Colaizzi's opinions were not circulated outside of the Agency. |
| _00000426 | 00000426; 00000433; 00000915; 00000926; | May I come by now? | 5 DPP ACP | The redacted text is part of an email string between OGC attorneys discussing their legal evaluation of a Title VI Complaint and the interplay of Clean Air Act permit. The redacted text is written by an Assistant General Counsel and sent to her staff attorneys. The Assistant GC questions and advises her attorneys. The Assistant GC discusses legal standards used to evaluate Title VI complaints.<br><br>EXEMPTION 5 ATTORNEY CLIENT PRIVILEGE   The withheld portions of the email string comprise communications between attorneys in the Office of General Counsel in preparation for providing legal advice and counsel to their OCR program clients. Within the redacted text, the Assistant GC divulges facts and their application to relevant law. The emails are confidential and were only exchanged between OGC attorneys who had a need-to-know.<br><br>EXEMPTION 5 DELIBERATIVE PROCESS PRIVILEGE   The withheld portions of the email string contain pre-decisional discussions about applying edits to an agency letter responding to a Title VI Complaint. The email discussion occurred before the Agency responded to the Title VI Complaint. The discussion involved strategy, analysis of the title VI Complaint, and professional opinions of agency attorneys. The emails remained internal to the EPA. Release of this communications and others like it may discourage agency employees from having frank discussions and exchanging thoughts, ideas, and analyses prior to any expected agency decision. The agency's decisions would suffer if employees avoid expressing opinions and legal arguments for fear of release. |
| _00000429 | | FYI. Claim that EPA's scope of authority position contradicts Sandoval. | 5 DPP | EXEMPTION 5 DELIBERATIVE PROCESS PRIVILEGE.  The communications in this document occurred prior to EPA's decisions and correspondence related to the Title VI Complaints. The text contains discussions and deliberations about how the Agency should proceed in its analysis and response to the Title VI Complaint. The email is internal, between agency personnel. Releasing this type of conversation and deliberative discussion would have a chilling effect and make Agency employees less likely to discuss ongoing decision making processes for fear that their opinions and thoughts will be made public. |
| _00000432 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001507; | 2015.03.10.DRAFT(2) JCDH Ludder Desk Statement (scp).doc | | Released in full, 3-23-16 |
| _00000433 | 00000426; 00000433; 00000915; 00000926; | query about 03R-15-R4 | | See 00000426 |
| _00000434 | 00000434; 00000436; 00001512;00001226; 00001231; 00001514; 00001608 | 03R-15-R4 Desk Statement | | Released in full, 3-23-16 |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000436 | 00000434; 00000436; 00001512;00001226; 00001231; 00001514; 00001608 | 03R-15-R4 Desk Statement | | Released in full, 3-23-16 |
| _00000437 | | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | 6 | EXEMPTION 6 PERSONAL PRIVACY The withheld portions of the email transmission contains a personal cellular phone number of an EPA employee, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with EPA personnel. There is no public interest in the individuals' personal contact information, such as personal cellular phone numbers. The numbers redacted on the basis of Exemption 6 for personal privacy are protected to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, to prevent possible burden of unsolicited telephone calls on a personal, non-government line. Also, in this instance where the individuals' cellular phone numbers have been withheld, the redaction marks indicate the name of the person to whom the redacted personal cellular phone number belongs. With respect to the personal contact information of Agency employees, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure. |
| _00000438 | | Hold everything! - PLEASE FORWARD TO COLLETTE IMMEDIATELY | | The redacted content of 00001268 is released in full in other documents, such as 00001051. Therefore this document has been released in full. |
| _00000440 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP; ACP; 6 | See 00000403 |
| _00000442 | 00000406; 00000409; 00000442; 00000478; 00000951; 00003451; 00003552; | requests for hearing with JCBH to contest Major Source Operating permits | | Released in Full |
| _00000443 | | Pending Title VI Complaint, EPA File No. 03R-15-R4 | 5 ACP | The redacted text is within an email between two OGC attorneys. The email is redacted under the Attorney Client Privilege within Exemption 5. Ms. Rhodes provides instruction to Ms. Harrell about working with the Region 4 and OCR clients. The email involves an air permit issued by EPA and the ongoing appeals the decision to issue that permit.<br><br>EX 5 ATTORNEY CLIENT PRIVILEGE The email is between two EPA OGC attorneys with a third attorney CC'd.  The email was sent as part of OGC duty to provide legal counsel to Agency clients. The email discusses standards of applicable law and contains one attorneys guidance to another attorney. This email is redacted because the Attorney Client Privilege exists to protect open and frank communications between counsel about providing legal advice to their client. The email also discusses and analyzes client-supplied information.  The email was not shared with a third party. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000445 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP; ACP | See Vaughn Entry for 00000403. At PDF page 250, Mr. Caplan introduces the email that he is forwarding to Helena Wooden-Aguilar, that email begins "Helena, below is the email I sent to Kim yesterday . . . It might be helpful for our discussion today at noon." The Vaughn explanation for Doc ID 00000403 applies to the remaining redacted content on PDF page 250. |
| _00000446 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; At PDF page 254, Mr. Caplan introduces the email that he is forwarding to Helena Wooden-Aguilar, that email begins "Helena, below is the email I sent to Kim yesterday . . . It might be helpful for our discussion today at noon." The Vaughn explanation for Doc ID 00000403 applies to the remaining redacted content on PDF page 254. |
| _00000447 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 ACP | See Vaughn Entry for 00000403; At PDF page 257-258, Mr. Caplan introduces the email that he is forwarding to Helena Wooden-Aguilar, that email begins "Helena, below is the email I sent to Kim yesterday . . . It might be helpful for our discussion today at noon." The Vaughn explanation for Doc ID 00000403 applies to the remaining redacted content on PDF page 257-285. |
| _00000448 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; At PDF page 261, Mr. Caplan introduces the email that he is forwarding to Helena Wooden-Aguilar, that email begins "Helena, below is the email I sent to Kim yesterday . . . It might be helpful for our discussion today at noon." The Vaughn explanation for Doc ID 00000403 applies to the remaining redacted content on PDF page 261. |
| _00000449 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 ACP | See Vaughn Entry for 00000403; At PDF page 264, Mr. Caplan introduces the email that he is forwarding to Helena Wooden-Aguilar, that email begins "Helena, below is the email I sent to Kim yesterday . . . It might be helpful for our discussion today at noon." The Vaughn explanation for Doc ID 00000403 applies to the remaining redacted content on PDF page 264. |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000475 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449; 00000475; 00000687; 00000859; 00000861; 00001295; 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; At PDF page 268, released in full at PDF page 415. |
| _00000476 | | Pending Title VI Complaint, EPA File No. 03R-15-R4 | | Released in Full |
| _00000478 | 00000406; 00000409; 00000442; 00000478; 00000951; 00003451; 00003552; | requests for hearing with JCBH to contest Major Source Operating permits | | Released in Full, 3-23-16 |
| _00000479 | 00000401; 00000479; 00000505 | JCBH's dismissal of GASP's request for a hearing re ABC Coke permit | | Released in Full, 3-23-16 |
| _00000498 | | Pending Title VI Complaint, EPA File No. 03R-15-R4 | | see 00000443 |
| _00000500 | | Pending Title VI Complaint, EPA File No. 03R-15-R4 | | Released in Full |
| 00000505 | 00000401; 00000479; | JCBH's dismissal of | | Released in Full |
| _00000508 | | Alabama Complaints - 03R-15-R4 (JCDH/ABC Coke) and 08R-15-R4 (JCDH/Walter Coke) | | Released in Full, 3-23-16 |
| _00000513 | 00000513; 00000949; 00001303; 00001304; 00001317; 00001392; 00001393 | Canceled: Jefferson County Department of Health (JCDH) ABC/Walter Coke Facilities | | Released in Full |
| _00000522 | | | 5 DPP | The redacted document is an internal working draft (other versions of document exist in production, see Doc ID 00001580) -<br><br>EXEMPTION 5 DELIBERATIVE PROCESS - The redacted content intertwines facts from the Title VI Complaint, internal EPA to-do tasks, and internal EPA opinions. Release of this information would cause confusion to the public. The document is not final and does not contain a final agency decision. The facts taken from the Title VI complaint are indistinguishable from OCR opinions and ideas listed for discussion and consideration. |
| _00000523 | | compliance certifications for Walter Coke | | Released in Full, 3-23-16 |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000529 | | Petition Requesting the Administrator Object to Title V Permit for ABC Coke Facility (Request Assistance) | | see 00003225, text redacted on ED_00621_01_00000529-00002 (PDF Page 299) is released in full on ED_00621_01_00003225_00001 (PDF Page 1081). The Redacted text on ED_00621_01_00000529-00001 (PDF Page 298) reads: "Helena: Here are the names of the people I mentioned: Heather Ceron: Region 4 Air permitting cheif. Beverly Banister: Region 4 APTMD Director. Vera Komylak: QAQPS Title VI permitting section Chief. Keri" |
| _00000530 | | New Title V Petition Received in Region 4 - Walter Coke located in North Birmingham (Jefferson County), AL | | The redacted text reads: "Attached are the files related to the title V petition submitted by GASP regarding Walter Coke. The deadline for the petition was Wednesday, December 3, 2014. EPA Region 4 and headquarters received the petition on Monday, December 8, 2014, and Wednesday December 10, 2014, respectively. The petition has been deemed "timely" since it was rendered to the USPS on Tuesday, December 2, 2014 (see attached proof)" Appendices G and G2 are too large to attach. Will try to place on SharePoint." |
| _00000531 | | | | Released in Full - Petition Publicly Available at http://www.epa.gov/sites/production/files/2015-08/documents/walter_petition2014.pdf |
| _00000544 | | Newest Petitions Received by Region 4 | | Incorrect Redaction, redacted text reads "Here's The ABC Coke petition" |
| _00000555 | | Your Request Regarding EPA Title VI Complaint # 03R-15-R4 (Jefferson County Department of Health) | | Released in Full |
| _00000568 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |
| _00000582 | | Ludder Complaints - Press | | Released in Full |
| _00000587 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001507; | 2015.03.10.DRAFT(2) JCDH Ludder Desk Statement (URGENT) | | Released in Full, 3-23-16 |
| _00000593 | | EPA File No. | | Released in Full |
| _00000596 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |
| _00000599 | | EPA File 03R-15-R4 | | Released in Full |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000600 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00000618 | | Acknowledgement Letter | | Released in Full |
| _00000622 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00000624 | 00000624; 00001029; 00001612; 00001628 | | | Released in Full |
| _00000626 | n/a | Favor re David Ludder Information | | Released in Full, 3-23-16 |
| _00000643 | 00000643; 00000646; 00001506; 00001562 | Ludder Complaint Meeting and Feedback | 5 DPP; | Most of this email exchange (unredacted) is the same as those with the subject "Ludder Complaint Meeting." A new email thread is added at the first page and contains feedback from an OCR supervisor to her employee. The feedback addresses the handling of the Title VI complaint. The supervisor gives instruction as to how the employee should conduct himself and provides reasoning. This "feedback" provided the supervisors present sense impressions on how OCR should handle the Titlte VI complaint. Specifically, the supervisor is discussing who to contact about the complaint and when to contact them. EXEMPTION 5 DELIBERATIVE PROCESS - The discussion was not a final decision, but rather advice and guidance. The subject matter relates to the Agency's decision making process on Title VI complaints. Without these types of discussions and instructions, the Agency cannot conduct its full process for responding to a Title VI Complaint. The Employee was asked to take the feedback and it seems as though the feedback applies to the employees handling of future duties too. The conversation relates to all of the employees work and the employees work directly relates to Agency decisions on Title VI complaints. The email chain is predecisional because it relates to ongoing and future decisionmaking by OCR and the Agency. It is deliberative because it is part of a back and forth discussion and follows up on a meeting that was alos deliberative. Releasing this type of information would not benefit the public, instead, it may keep agency supervisors from candidly expressing their professional judgement. This type of conversation is common, remains internal to EPA, and is necessary for the Agency to undertake proper decsion making. |
| _00000644 | 00000644; 00000652; 00000690; 00003104 | | | Released in Full, 3-23-16 |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000646 | 00000643; 00000646; 00001506; 00001562 | Ludder Complaint Meeting | 5 DPP; 6 | The redactions are made to an email exchange between EPA employees in OGC and OCR and an offshoot of the email is between two OGC attorneys. The EXEMPTION 6 redactions removes an EPA employee's personal travel plans. The plans are wholly unrelated to EPA, the Title VI Complaints, and this FOIA request. The redacted content is similar to personnel and medical files because they relate directly to one person and reveal unique information about that person. The requester and the public have no reasonable interest in an EPA employee's personal travel plans. There is no public benefit of releasing this information. The redacted content does not shed any light on EPA's function or anything about the U.S. Government's actions.<br><br>EXEMPTION 5 DELIBERATIVE PROCESS PRIVILEGE. The redaction removes email conversation about pending actions related to the Title VI Complaints. The EPA employees are communicating about consideration factors for an ongoing decision making process. At the time the email was sent, no decisions had been made. The email is a type of brainstorm exercise between employees. The employees share their opinions and questions with each other to aid in their decision making process. The email exchanged remained internal to the EPA. Releasing this type of information would be harmful to the normal course of business and the necessary collaborative work performed by Agency employees as they prepare for Agency actions. One portion of the redacted content includes a manager's instruction and advice to the lower level attorney on how to work with other EPA offices and programs when exchanging ideas during a deliberative process. The manager's advice is intended to help the lower level attorney through her back and forth exchange of ideas and opinions. All of the emails were exchanged at a time leading up to Agency actions and all of the emails remained internal to EPA.  [the document's redactions marks incorrectly list Attorney Client Privilege. This document is redacted pursuant to Ex. 5's DPP] |
| _00000650 | | EPA File No. 03R-15-R4 | | Released in Full |
| _00000652 | 00000644; 00000652; 00000690; 00003104 | follow up on Title VI complaints | | Released in Full |
| _00000655 | | EPA File No. 03R-15-R4 and EPA File No. 08R-15-R4 | | Release in Full |
| _00000657 | | EPA File No. 03R-15-R4 and EPA File No. 08R-15-R4 | | Release in Full |
| _00000659 | | EPA File No. | | Released in Full |
| _00000662 | 00000662; 00000664 | JCDH PIP | 6 | EXEMPTION 6 Personal Privacy. The Ex. 6 redactions protect an EPA employee's personal email addresses. In order to review the Preliminary Investigation plan from home, the employee forwarded the attachment to a personal email address. An employee's personal email address is unrelated to the Agency's function and unrelated to the underlying FOIA request. The remaining non-exempt content of the email is released and allows the requester and the public to fully understand the email. The employee's privacy interest outweigh any public interest in the employee's personal, non-government, email address. Releasing EPA employee's personal email addresses could lead to unsolicited and unwarranted correspondence.  Additionally, the employee's name is released in the FROM line and the email signature to allow the requester and the public to identify the employee without disclosing the employee's personal email address. The employee's EPA email address is released in full. |
| _00000667 | | JR: 03R-15-R4 (jefferson County Department of Health) | | Released in Full |
| _00000668 | 00000668; 00000669; 00000670; 00001039; 00001624; 00001625 | Brooksville to move forward with environmental assessments of three Brownfields sites \| Tampa Bay Tim | | Released with non-responsive redactions. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000669 | 00000668; 00000669; 00000670; 00001039; 00001624; 00001625 | Brooksville to move forward with environmental assessments of three Brownfields sites \| Tampa Bay Tim | | Released with non-responsive redactions. |
| _00000670 | 00000668; 00000669; 00000670; 00001039; 00001624; 00001625 | Brooksville to move forward with environmental assessments of three Brownfields sites \| Tampa Bay Tim | | Released with non-responsive redactions. |
| _00000674 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00000675 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00000676 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00000678 | | FOIA Assignment for EPA-HQ-2015-006350 | | Released in Full |
| _00000679 | | FOIA Assignment for EPA-HQ-2015-004930 | | Released in Full |
| _00000684 | | Complaint No. 03R-15-R4; Response of Jefferson County Department of Health | | Released in Full |
| _00000687 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP ACP | See Vaughn Entry for 00000403 |
| _00000688 | | Documents for Region 4 | | Released in Full |
| _00000690 | 00000644; 00000652; 00000690; 00003104 | follow up on Title VI complaints | | Released in Full, 3-23-16 |
| _00000691 | | | | Released in Full |
| _00000708 | | | | Released in Full |
| _00000710 | | | | Released in Full |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000853 | | ABC Coke Complaint Pending Administrative Reviews (Pending litigation) | | This document contains a status update of an ongonig and pending administrative review and relates to pending litigation. EXEMPTION 5 DPP - The agency creates this type of documen to use in its decision making processes. These documents are used to inform colleagues and supervisors about pending decision making actions. Nothing in this document has been finalized. It is an update and contains opinions of individual employees and does not reflect an Agency final decsion or action. In order to make decisions and have deliberatiosn, the Agency uses this type of document. This document is also used to keep track of the status of multiple different aspects and events that occur during a decision making process. For example, thsi document provides the personal opinion of some of the first AGency employees to review the petition. After providing an employee's opinion, the document states "Keri says her prediction may be incorrect." This is a perfect example of why this type of informatino cannot be made public. Release could cause great confusion if one of the contributors admits that its content might be incorrect. The current status in this document may be entirely different than the Agency's ultimate decision. Accordingly, the document is predecisional. It is used in EPA's deliberative decsion making process. It remained internal to EPA, and its release would prevent the AGency from being able to track the status of its work. |
| _00000855 | | | | This document relates directly to Doc ID 0000855 and its redactions are made for the same reasons. |
| _00000859 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295; 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP ACP | See Vaughn Entry for 00000403; |
| _00000861 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295; 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP | See Vaughn Entry for 00000403; |
| _00000863 | | compliance certifications for Walter Coke | | Released in Full |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000873 | 00000873; 00001505; | draft email for Dayna -- edit away please! | 5 ACP & DPP | The document is an email exchange between OGC attorneys Julia Rhodes and Collette Harrell. The exempt content is subject to the Attorney-Client Privilege and the Deliberative Process Privilege.<br><br>DELIBERATIVE PROCESS PRIVILEGE. The redacted content is an email written by Julia Rhodes, an attorney senior to Collette Harrell. The email addresses multiple ongoing issues that were not resolved at the time of the email. Those issues include the privacy interests of Title VI Complainants, applicable System of Records Notices (SORNs), and future communications with Title VI complainants, recipients, and FOIA requesters. The email is a type of ongoing discussion. Julia Rhodes provides her analysis and opinions of the matters mentioned above, and then asks for Collette Harrell's feedback. The email was sent prior to any decisions being made on the topics of discussion. The discussion was deliberative in nature and remained within the Agency. Release of this type of email communication could seriously reduce the number of candid conversations between agency employees. Release could lead to employees fearing that their every thought will be made public, even if those thoughts are spontaneous or part of a group decision process.<br><br>ATTORNEY-CLIENT PRIVILEGE the withheld email content is  discussion between two attorneys that discussing the legal advice and counsel they will ultimately provide to their OCR clients. The email discusses the FOIA, related EPA regulations, and the privacy interests of complainants. The attorneys are conducting an analysis of legal standards used to respond to Title VI Complaints and requests for records related to title VI Complaints. Other withheld documents include further communication between the attorneys and their clients. |
| _00000881 | 00000410; 00000881; | Privacy Act question (for Dayna re Jefferson County) | 5 DPP | See Vaughn Entry for 00000410 |
| _00000884 | 00000412; 00000416; 00000884 | air consultation | | Released in Full in Doc ID 00000416 |
| _00000907 | 00000421; 0000907 | follow-up research re Jefferson County Department of Health Title VI Complaint | 5 DPP | Reeleased in Full, see Doc ID 00000421 |
| _00000908 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |
| _00000915 | 00000426; 00000433; 00000915; 00000926 | query about 03R-15-R4 | | See 00000426 |
| _00000916 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000919 | 00000204; 00000421; 00000438; 00000674; 00000675; 00000907; 00000919; 00000942; 00000948; 00001049; 00001051; | Jefferson County Department of Health Title VI Complaint | | Redaction in error, redacted content is released in multiple other documents including 00000204 |
| _00000926 | 00000426; 00000433; 00000915; 00000926 | May I come by now? | | See 00000426 |
| _00000927 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001507; | 2015.03.10.DRAFT(2) JCDH Ludder Desk Statement (URGENT) | | See released threads. |
| _00000929 | | JCDH Question | | Released in Full |
| _00000931 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00000932 | | Draft recipients acceptance letter for your review | 5 DPP | The redacted document is a discussion about making edits to a draft document that had not been finalized at the time of the email exchange. The author of the email is providing her opinion about edits and comments that others made to the draft letter at an earlier review stage. An OCR manager wanted certain changes to the letter, and the attorneys on this email are discussing those changes. The email is a deliberative discussion between two agency employees. The employees are giving their opinions and sharing the results of their research in an effort to reach a  conclusive end to the editing and review process. The email remained internal to the EPA. Release would discourage honest and frank discussions between Agency employees. Without these honest and frank discussions, the Agency's decision making processes would be far less thorough because the employees may fear expressing their opinion if those opinions are made public. |
| _00000933 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00000934 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | 5 DPP | This email is an exchange about a draft document. The redacted text includes a summary of feedback from multiple employees and privdes that feedback to another EPA employee. The feedback is about an official Agency letter that had yet to be sent. EX. 5 DPP - Writing an official Agency letter takes input from multiple employees. This email summarizes the input from those contributors. Just like edits to a document in progress, this email is part of the fine tuning process. THe document was created before the letter was final. The document summarizes multiple deliberative opinions and comments. The email remained internal to the Agency, and release outside of the agency may discourage employees from sharing their professional opinons. Release may also confuse the public because the thoughts and ideas in the email may not be incorporated into the final letter. |
| _00000942 | | Hold everything! - PLEASE FORWARD TO COLLETTE IMMEDIATELY | | Redaction in error, redacted content of 00001268 is released in full in other documents, such as 00001051. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00000944 | | legal research re ISO pending case | | Released in Full, 3-23-16 |
| _00000948 | | Jefferson County Department of Health Title VI Complaint | | Released in full, see Doc ID 00000421 |
| _00000949 | 00000513; 00000949; 00001303; 00001304; 00001317; 00001392 | Jefferson County Department of Health (JCDH) ABC/Walter Coke Facilities | | Redaction in error, redacted content released in full in Doc ID00001392 |
| _00000951 | 00000406; 00000409; 00000442; 00000478; 00000951; 00003451; 00003552; | requests for hearing with JCBH to contest Major Source Operating permits | | Released in Full, 3-23-16 |
| _00000952 | | Meeting | | Released in Full |
| _00000955 | | Title VI complaint vs ABC Coke/Drummond | | see doc ID 00000403 |
| _00000960 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full, 3-23-16 |
| _00000979 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001005 | | Could you please send Sam the 90 day plan? | | Released in Full |
| _00001011 | | Coke Complaints | | Released in Full, 3-23-16 |
| _00001012 | | Pending Title VI Complaint, EPA File No. 03R-15-R4 | | Released in Full |
| _00001018 | | EPA File No. 03R-15-R4 and EPA File No. 08R-15-R4 | | Released in Full |
| _00001020 | 00001020; 00001021; 00001025; 00001026; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | See Doc ID 00001209 & 00001596, released in full. |
| _00001021 | 00001020; 00001021; 00001025; 00001026; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | See Doc ID 00001209 & 00001596, released in full. |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001025 | 00001020; 00001021; 00001025; 00001026; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | See Doc ID 00001209 & 00001596, released in full. |
| _00001026 | 00001020; 00001021; 00001025; 00001026; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | See Doc ID 00001209 & 00001596, released in full. |
| _00001027 | | | | Released in Full |
| _00001028 | | Response to EPA File No. 03R-15-R4 | | Released in Full |
| _00001029 | 00000624; 00001029; 00001612; 00001628 | | | Released in Full |
| _00001033 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00001039 | 00000668; 00000669; 00000670; 00001039; 00001624; 00001625 | Brooksville to move forward with environmental assessments of three Brownfields sites \| Tampa Bay Tim | | See doc ID 00001624 |
| _00001042 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001046 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001049 | 00000907; 00000919; 00000942; 00000948; 00001049; 00001051; | Hold everything! - PLEASE FORWARD TO COLLETTE IMMEDIATELY | | Redaction in error, redacted content of 00001268 is released in full in other documents, such as 00001051. |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001050 | 00001050; 00001059; 00001377; 00001378; 00001639 | Jefferson County Department of Health Title VI Complaint | | Released in Full, 3-23-16 |
| _00001051 | 00000907; 00000919; 00000942; 00000948; 00001049; 00001051; | Hold everything! | | Released in Full, 3-23-16 |
| _00001058 | | Jefferson County Department of Health Title VI Complaint | | Released in Full, 3-23-16 |
| _00001059 | 00001050; 00001059; 00001377; 00001378; 00001639 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00001060 | N/A | 2015.02.09. Notific. to Recipient.doc | | Released in Full |
| _00001061 | 00001061; 00001622 | | | Released in Full |
| _00001063 | N/A | 2015.02.09. Notific. to Complainant. .doc | | Released in Full, 3-23-16 |
| _00001064 | 00001064; 00001621; 00001640 | | | Release in Full |
| _00001066 | 00001066; 00001070 | 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001070 | 00001066; 00001070 | 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001075 | | DRAFT Acceptance Letter - Jefferson County Department of Health | | Released in Full |
| _00001078 | | EPA File No. | | Released in Full, 3-23-16 |
| _00001080 | | EPA File No. | | Released in Full |
| _00001090 | | Response to Tal Simpson | | Released in Full |
| _00001091 | | Your Request Regarding EPA Title VI Complaint # 03R-15-R4 (Jefferson County Department of Health) | | Released in Full |
| _00001092 | | Alabama Complaints - 03R-15-R4 (JCDH/ABC Coke) and 08R-15-R4 (JCDH/Walter Coke) | | See Doc ID 00000508 |
| _00001097 | | Coke Complaints | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001203 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001507; | 2015.03.10.DRAFT(2) JCDH Ludder Desk Statement (URGENT) | | See released threads. |
| _00001204 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001507; | 2015.03.10.DRAFT(2) JCDH Ludder Desk Statement (URGENT) | | See released threads. |
| _00001209 | 00001020; 00001021; 00001025; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | Released in Full |
| _00001213 | 00001213; 00001229; 00001605 | | | see doc Id 00001605 |
| _00001223 | | Response to EPA File No. 03R-15-R4 | | Released in Full |
| _00001226 | 00000434; 00000436; 00001512;00001226; 00001231; 00001514; 00001608 | 03R-15-R4 Desk Statement | Ex 5 DPP | String of e-mails transmitting a draft desk statement regarding the Title VI complaint. EXEMPTION 5 DELIBERATIVE PROCESS: The withheld portions of the email string are pre-decisional deliberations between EPA employees and an EPA attorney concerning a draft press release regarding the Title VI complaint.  At the time the emails were sent, the Agency had not yet issued a final version of the press release. These EPA employees were discussing their forthcoming response to the Title VI complaint and related inquiries. The attachment is a draft desk statement dated March 9, 2015 concerning the Title VI complaint.<br><br>The withheld information is deliberative because EPA employees and managers were coordinating the Agency's response to the Title VI complaint. The employees were also discussing the appropriate language for the press release.  Additionally, the email contains an employee's request for advice and questions to his/her supervisors about properly responding to external inquiries about the Title VI complaint. The entire email string remains internal to the Agency. |
| _00001229 | 00001213; 00001229; 00001605 | | | see doc Id 00001605 |
| _00001231 | 00000434; 00000436; 00001512;00001226; 00001231; 00001514; 00001608 | 03R-15-R4 Desk Statement | | Released in Full |
| _00001249 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00001254 | | Petition Requesting the Administrator Object to Title V Permit for ABC Coke Facility | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001257 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001262 | | | 5 DPP | See 00000207 |
| _00001264 | | | | Released in Full |
| _00001267 | | JR 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001268 | 00001268; 00001375 | Hold everything! | | Redaction in error, redacted content of 00001268 is released in full in other documents, such as 00001051. |
| _00001271 | alan | | 7c; 6 | Copy of the Title VI complaint with personal information redacted

EXEMPTION 6:  The redactions prevent disclosure of names and home addresses of private citizens. Disclosure of these names, addresses and phone numbers would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with private citizens. There is no public interest in the individuals' personal contact information, such as full names and home addresses. The names and addresses redacted on the basis of Exemption 6 for personal privacy are protected to avoid potential unsolicited communications or intimidation related to the Title VI Complaint; to prevent possible burden of unsolicited mailings and visitors at a private residence. Also, in this instance where the individuals' names and addresses have been withheld, the redactions do not cover the city, state, and zip code. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

EXEMPTION 7(c): Exemption 7(c) is used to redact the names, addresses and telephone numbers of the Title VI complainants. OCR is required to enforce the civil rights laws. The requested Title VI complaints are law enforcement records that pertain specifically to private citizens. EPA relies on private citizens to submit information and allegations that assist the Agency in enforcing the non-discrimination statutes. The names and personal contact information of private citizen complainants does not relate to any official information about EPA or any government agency. Instead, release of such information is an invasion of citizens' privacy. If their information is disclosed and made available to the requester and general public, the complainants could be subject to harassment or intimidation and in turn compromise the investigation. Furthermore, others subject to violation of non-discrimination laws may be fearful of filing a complaint if EPA releases complainants' names, home addresses and phone numbers to the public. |
| _00001282 | 00001282; 00001384; 00001529 | Jefferson County Department of Health Title VI Complaint | 5 DPP | String of e-mails between OCR personnel and OGC attorney concerning handling of the Title VI complaint.  Portions of two e-mails have been withheld as deliberative.

EXEMPTION 5 DELIBERATIVE PROCESS: The withheld portions of the email string contain pre-decisional deliberations related to the handling of the Title VI complaint.  At the time the emails were sent, the EPA employees were discussing their forthcoming response to the Title VI complaint and related inquiries.

The withheld information is deliberative because EPA employees and attorneys were discussing and coordinating the Agency's response to the Title VI complaint. The entire email string remains internal to the Agency |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001295 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; PDF Page 658, Released in full on 3-23-16 |
| _00001298 | | Jefferson County Department of Health (JCDH) | 5 DPP | E-mail from Dayna Bowen Matthew, Senior Advisor to the Director, Office of Civil Rights, to Sam Peterson, Office of Civil Rights discussing the Title VI petition and investigation.

The withheld portions of this document discuss next steps as well as specific inquiries related to the Title VI complaint and investigation. The author of the email begins by saying "This records my notes from the very helpful conversation you, Katsumi, and I had regarding this case this morning. " The remaining portions fall under EXEMPTION 5's DELIBERATIVE PROCESS: The withheld portions of the email string are pre-decisional deliberations between EPA employees concerning handling of the Title VI complaint.  At the time the emails were sent, the Agency was contemplating their possible responses to the Title VI complaint as well as discussing options for the next steps to be taken.

The withheld information is deliberative because EPA employees and managers were coordinating the Agency's response to the Title VI complaint and investigation. The email is akin to hand written meeting notes or personal contemplative thoughts and plans. Planning and contemplating are frequently essential parts of a deliberative process. The entire email string remains internal to the Agency. |
| _00001300 | 00001300; 00001394; 00002623; | Jefferson County Department of Health (JCDH) Investigation Management Team Meeting | | Released in Full, see 00002623 |
| _00001303 | 00000513; 00000949; 00001303; 00001304; 00001317; 00001392; 00001393 | Canceled: Jefferson County Department of Health (JCDH) ABC/Walter Coke Facilities | | Identical content released in full in Doc ID 00000513 (PDF Page 292) |
| _00001304 | 00000513; 00000949; 00001303; 00001304; 00001317; 00001392 | Jefferson County Department of Health (JCDH) ABC/Walter Coke Facilities | | Redaction in error, redacted content released in full in Doc ID00001392 |
| _00001305 | | Jefferson County Department of Health (JCDH) Investigation Management Team Meeting | 5 DPP | Released in Full |
| _00001317 | 00000513; 00000949; 00001303; 00001304; 00001317; 00001392 | Jefferson County Department of Health (JCDH) ABC/Walter Coke Facilities | | Redaction in error, redacted content released in full in Doc ID00001392 |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001353 | alan | Welcome Back | 5 DPP | E-mail from Dayna Bowen Matthew, Senior Advisor to the Director, Office of Civil Rights to Velveta Golightly-Howell, Director, Office of Civil Rights,<br><br>The e-mail discusses seven items for discussion.  In addition to being deliberative, six of the items are non-responsive and have nothing to do with the subject of Plaintiff's request.  One of them discusses the Title VI complaint.<br><br>EXEMPTION 5 DELIBERATIVE PROCESS: The withheld portions of the email string are pre-decisional deliberations between EPA employees concerning handling of the Title VI complaint.  At the time the emails were sent, the Agency was contemplating their possible responses to the Title VI complaint as well as discussing options for the next steps to be taken.<br><br>The withheld information is deliberative because EPA employees and managers were coordinating the Agency's response to the Title VI complaint and investigation. The entire email string remains internal to the Agency. |
| _00001354 | 00001354; 00001570; 00001573; 00001579 | 2015-03-03 EPA - GASP Title VI Admin Complaint Against Jefferson County Department of Health | 5 DPP | E-mail string concerning Title VI Administrative Complaint Against Jefferson County Department of Health discussing issues related to the location of certain facilities.<br><br>EXEMPTION 5 DELIBERATIVE PROCESS: The withheld portions of the email string are pre-decisional deliberations between EPA employees concerning facilities related to the Title VI complaint..  At the time the emails were sent, the Agency was contemplating their possible responses to the Title VI complaint as well as discussing options for the next steps to be taken.<br><br>The withheld information is deliberative because EPA employees and managers were coordinating the Agency's response to the Title VI complaint and investigation. The entire email string remains internal to the Agency. |
| _00001355 | | | | Released in Full |
| _00001356 | | | | Released in Full |
| _00001357 | | | | Released in Full |
| _00001366 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001507; | 2015.03.10.DRAFT(2) JCDH Ludder Desk Statement (scp).doc | | Released in Full, 3-23-16 |
| _00001370 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001370; 00001507; 00001600 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Release in Full |
| _00001373 | UR | (New AL Complaint) -FYI | | Released in Full |
| _00001374 | UR | (New AL Complaint) -FYI | | Released in Full |
| _00001375 | 00001268; 00001375 | URGENT - Please Read (Ludder Complaint) | | redacted content of 00001375 is released in other documents, such as 0000438. |
| _00001377 | 00001050; 00001059; 00001377; 00001378; 00001639 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00001378 | 00001050; 00001059; 00001377; 00001378; 00001639 | Jefferson County Department of Health Title VI Complaint | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001384 | 00001282; 00001384; 00001529 | Jefferson County Department of Health Title VI Complaint | 5 DPP | See Vaughn Entry for Doc ID 00001282 |
| _00001385 | 00001385; 00002023 | Jefferson County Department of Health Title VI Complaint | 5 DPP | Exemption 5 - Deliberative Process Privilege<br><br>The withheld information in the email communication is protected under Exemption 5's deliberative process privilege because it is an internal conversation which reflects staffing and staff resources necessary to process the complaint and perform related matters. The withheld information does not represent an official Agency decision or policy and instead reflects an uncertainty on issues still in development at the Agency. The withheld records are pre-decisional because they contain issues contemplated by EPA staff that would potentially be affected the forthcoming decision marking process.<br><br>All reasonably segregable and factual information within this email exchange has been released to Plaintiff. There is no remaining segregable information within the redacted portions of this email exchange. |
| _00001392 | 00000513; 00000949; 00001303; 00001304; 00001317; 00001392 | Jefferson County Department of Health (JCDH) ABC/Walter Coke Facilities | | Redaction in error, redacted content released in full in Doc ID00001392 |
| _00001393 | 00000513; 00000949; 00001303; 00001304; 00001317; 00001392; 00001393 | Canceled: Jefferson County Department of Health (JCDH) ABC/Walter Coke Facilities | | Released in Full |
| _00001394 | 00001300; 00001394; 00002623; | Jefferson County Department of Health (JCDH) Investigation Management Team Meeting | | Released in full, see 00002623 |
| _00001451 | 00001451; 00001452; 00001490; 00002033 | Cases to Discuss (RED to OGC and Yellow for OCR to finish) | | See Doc ID 00001451 for correct redactions. |
| _00001452 | 00001451; 00001452; 00001490; 00002033 | Cases to Discuss (RED to OGC and Yellow for OCR to finish) | | See Doc ID 00001451 for correct redactions. |
| _00001462 | 00001462; 00003802; | boilerplate acknowledgement letters | | See doc ID 00003802 |
| _00001474 | N/A | Legal Review Requested - EPA File No. 08R-14-R9 | | Non-Responsive |
| _00001483 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001487 | N/A | Today's action | 5 DPP | The redactions in items 1 and 2 at top of page should be "non-responsive" because the redactions cover the names of other  Title VI complaints that are unrelated to the Ludder/35th Ave Complaints. The larger Ex. 5 DPP redaction is correct. The redacted text is a discussion between two OGC attorneys regarding draft letters to the Complainant and Recipient. The redacted text explains OGC's review process of draft letters that OCR sent to OGC for comment and input.  The withheld portions of the email string contain pre-decisional discussions about applying edits to an agency letter responding to a Title VI Complaint. The email discussion occurred before the Agency responded to the Title VI Complaint. The discussion involved strategy, analysis of the title VI Complaint, and professional opinions of agency attorneys. The emails remained internal to the EPA. Release of this communications and others like it may discourage agency employees from having frank discussions and exchanging thoughts, ideas, and analyses prior to any expected agency decision. The agency's decisions would suffer if employees avoid expressing opinions and legal arguments for fear of release.  The redacted text addresses differing opinions of OGC and OCR. |
| _00001489 | N/A | | 5 ACP | The first non-responsive redactions addresses an unrelated FOIA request. The larger non-responsive redactions address other Title VI complaints, OCR's long term planning unrelated to the Title VI requests at issue here, and contains a few comments about an unrelated Title VI Complaint. - The EXEMPTION 5 ATTORNEY CLIENT PRIVILEGE redactions relate to two differing opinions of two OGC attorneys. The document was drafted as an outline or agenda to be used at a later time to update and brief OGC's Julia Rhodes, the Assistant General Counsel for Civil Rights. The redactions prevent the release of legal advice. OGC was asked to advise OCR and OGC attorneys developed their own opinions. When this happens, the supervisory attorneys (Assistant General Counsels) are updated on the matter. |
| _00001490 | 00001451; 00001452; 00001490; 00002033 | Cases to Discuss (RED to OGC and Yellow for OCR to finish) | | See Doc ID 00001451 for correct redactions. |
| _00001496 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00001505 | 00000873; 00001505; | draft email for Dayna -- edit away please! | 5 | See 00000873 |
| _00001506 | 00000643; 00000646; 00001506; 00001562 | Ludder Complaint Meeting | | See 0000646 |
| _00001507 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001507; | 2015.03.10.DRAFT(2) JCDH Ludder Desk Statement (scp).doc | | See 0001366 |
| _00001510 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |
| _00001512 | 00000434; 00000436; 00001512;00001226; 00001231; 00001514; 00001608 | 03R-15-R4 Desk Statement | | Released in full, 3-23-16 |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001514 | 00000434; 00000436; 00001512;00001226; 00001231; 00001514; 00001608 | 03R-15-R4 Desk Statement | | Released in Full |
| _00001529 | 00001282; 00001384; 00001529 | Jefferson County Department of Health Title VI Complaint | 5 DPP | See Vaughn Entry for Doc ID 00001282 |
| _00001553 | | Jefferson County Department of Health (JCDH) Investigation Management Team Meeting | | Released in Full |
| _00001554 | | Documents for Region 4 | | Released in Full |
| _00001562 | 00000643; 00000646; 00001506; 00001562 | Ludder Complaint Meeting | | Released in Full |
| _00001570 | 00001354; 00001570; 00001573; 00001579 | 2015-03-03 EPA - GASP Title VI Admin Complaint Against Jefferson County Department of Health | 5 DPP; 6 | For Ex. 5 DPP, see Vaughn entry for 00001354.<br><br>EXEMPTION 6 Personal Privacy. The Ex. 6 redactions protect an EPA employee's personal email addresses. In order to review the attached Title VI complaint while working at home, the employee forwarded the attachment to a personal email address. An employee's personal email address is unrelated to the Agency's function and unrelated to the underlying FOIA request. The remaining non-exempt content of the email is released and allows the requester and the public to fully understand the email discussion. The employee's privacy interest outweigh any public interest in the employee's personal, non-governmental, email address. Releasing EPA employee's personal email addresses could lead to unsolicited and unwarranted correspondence.  Additionally, the employee's name is released in the FROM line and the email signature to allow the requester and the public to identify the employee without disclosing the employee's personal email address. |
| _00001573 | 00001354; 00001570; 00001573; 00001579 | 2015-03-03 EPA - GASP Title VI Admin Complaint Against Jefferson County Department of Health | | See Vaughn entry for 00001354. |
| _00001579 | 00001354; 00001570; 00001573; 00001579 | 2015-03-03 EPA - GASP Title VI Admin Complaint Against Jefferson County Department of Health | | Released in full, 3-23-16 |
| _00001580 | | | | The redacted document is an internal working draft (other versions of document exist in production, see Doc ID 0000522) -<br><br>EXEMPTION 5 DELIBERATIVE PROCESS - The redacted content intertwines facts from the Title VI Complaint, internal EPA to-do tasks, and internal EPA opinions. Release of this information would cause confusion to the public. The document is not final and does not contain a final agency decision. The facts taken from the Title VI complaint are indistinguishable from OCR opinions and ideas listed for discussion and consideration.  The segregable non-exempt content provides a background and content to allow the public to understand the record without releasing the deliberative portions that would stifle internal debate and the Agency's use of this type of document. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001582 | 00000096; 00000104; 00000132; 00001582; | Latest Ludder Complaint regarding JCDH Major Source Permit No. 4-07-0355-03 EPA File No. 08R-15-R4 | | Released in Full |
| _00001588 | 00001588; 00001606 | EPA File No. 03R-15-R4 and EPA File No. 08R-15-R4 | 6 | The redactions cover an EPA employee's personal email. The employee wanted to have access to the URL's contained in the document. The URL's are to long video files. The same justification applies here as in 00001570. |
| _00001590 | | EPA File No. 08R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001592 | | EPA File No. | | Released in Full |
| _00001596 | 00001020; 00001021; 00001025; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | Released in Full |
| _00001597 | | Response to EPA File No. 03R-15-R4 | | Release in Full |
| _00001600 | 00000432; 00000587; 00000927; 00001203; 00001204; 00001366; 00001370; 00001507; 00001600 | Send Letter of Acceptance to Recipient? | | Release in Full |
| _00001601 | 00001020; 00001021; 00001025; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | See Doc ID 00001209 & 00001596, released in full. |
| _00001602 | | | | released in full in other documents such as 00001027. |
| _00001603 | 00001020; 00001021; 00001025; 00001209; 00001596; 00001601; 00001603 | Call from Tao Simpson on Friday, March 6th | | See Doc ID 00001209 & 00001596, released in full. |
| _00001604 | N/A | 03R-15-R4 Desk Statement (Revised DRAFT) | | Released in Full. Note: PDF page 802 is a blank page. No redactions were made to this document. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001605 | 00001213; 00001229; 00001605 | Draft Desk Statement | 5 DPP | This document is a draft desk statement regarding the Title VI complaint. It might also be called a press release by some. EXEMPTION 5 DELIBERATIVE PROCESS: The withheld desk statement is a draft document that is circulated for comment and feedback during the pre-decisional phase of document drafting. EPA employees conduct deliberations about most documents used to communicate with someone outside the Agency. A draft press release regarding the Title VI complaint will go through multiple rounds of edits, comments, and feedback from various EPA offices. At the time the document was circulated, the Agency had not yet issued a final version of the press release. These EPA employees were commenting on the document while conducting email discussions about their forthcoming response to the Title VI complaint and related press inquiries. The attachment is a draft desk statement dated March 9, 2015 concerning the Title VI complaint.<br><br>The withheld information is deliberative because EPA employees and managers were coordinating the Agency's response to the Title VI complaint. In circulating the document, employees were discussing the appropriate language for the press release. This is demonstrated in some of the emails to which the draft document was attached. In the corresponding email, an employee's request for advice and questions to his/her supervisors about properly responding to external inquiries about the Title VI complaint. The draft desk statement and all related email strings remain internal to the Agency. |
| _00001606 | 00001588; 00001606 | Preliminary Investigative Plan | | See 00001506, Near duplicate documents with identical explanations for redactions. Documents 00001588 (PDF page 785) _00001606 (PDF page 805) |
| _00001608 | 00000434; 00000436; 00001512;00001226; 00001231; 00001514; 00001608 | 03R-15-R4 Desk Statement | | Released in Full |
| _00001612 | 00000624; 00001029; 00001612; 00001628 | | | Released in Full |
| _00001613 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00001616 | | JR: 03R-15-R4 (jefferson County Department of Health) | | Released in Full |
| _00001617 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001618 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001619 | | URGENT - Please Read (Ludder Complaint) | | Redaction in error, redacted content is released in full in other records (00000438). |
| _00001621 | 00001064; 00001621; 00001640 | | | Released in Full |
| _00001622 | 00001061; 00001622 | | | Released in Full |
| _00001624 | 00000668; 00000669; 00000670; 00001039; 00001624; 00001625 | Brooksville to move forward with environmental assessments of three Brownfields sites \| Tampa Bay Tim | | Non-Responsive, 3-23-16 production |
| _00001625 | 00000668; 00000669; 00000670; 00001039; 00001624; 00001625 | Brooksville to move forward with environmental assessments of three Brownfields sites \| Tampa Bay Tim | | Non-Responsive |
| _00001627 | | Notification of Receipt and Acceptance of Administrative Complaint regarding JR: 03-15-R4 (Jefferson County Department of Health) | | Released in Full |
| _00001628 | 00000624; 00001029; 00001612; 00001628 | | | Released in Full |
| _00001629 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001630 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001631 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001632 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001633 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00001634 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001635 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001636 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00001637 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00001638 | 00000600; 00000931; 00000933; 00001033; 00001249; 00001613 00001629; 00001633; 00001635; 00001637; 00001638; | | | Released in Full |
| _00001639 | 00001050; 00001059; 00001377; 00001378; 00001639 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00001640 | 00001064; 00001621; 00001640 | | | Released in Full |
| _00001644 | | Notification of Receipt | | Released in Full |
| _00001704 | | 2015.04.__ EPA Acknowledgement.pdf | | Released in Full |
| _00001706 | | Pending Title VI Complaint, EPA File No. 03R-15-R4 | | Released in Full |
| _00001708 | | 2015.04.__ EPA Acknowledgement.pdf | | Released in Full |
| _00001745 | 00000264; 00001745; 00003213 | | NR | The redacted text is non-responsive. This record is titled "2015 Title VI - Region IV Second Quarter Update." The only portion of this document that is responsive to the FOIA request was released in full, but the non-responsive portions redacted in 00000264 were released in Doc ID 00001745. Doc ID 00001745 contains additional non-responsive pages that are not found in Doc ID 00000264. |
| _00001748 | 00001748; 00003901 | As requested: Jefferson County 4700 form | | Released in full, 3-23-16 |
| _00001750 | | | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001753 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00001758 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00001770 | | Title 6 Complaint for ABC Coke/ Jefferson County Dept. of Health | | see doc ID 00002704 |
| _00001775 | 00001770; 00001775; 00001776; 00002704; 00002705 | Title 6 Complaint for ABC Coke/ Jefferson County Dept. of Health | | see doc ID 000002704 |
| _00001776 | 00001770; 00001775; 00001776; 00002704; 00002705 | Title 6 Complaint for ABC Coke/ Jefferson County Dept. of Health | | see document ID 00002705 |
| _00001797 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |
| _00001952 | | | | Released in Full |
| _00001953 | | | | see doc Id 00001605 |
| _00001954 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Released in Full |
| _00001960 | | JR: 03R-15-R4 (jefferson County Department of Health) | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00001961 | 00000437; 00000979; 00001042; 00001046; 00001257; 00001617; 00001618; 00001630; 00001631; 00001632; 00001634; 00001636; 00001961; 00000934 | For Legal Review - EPA File No. 03R-15-R4 Jefferson County Department of Health | | Released in Full |
| _00002007 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002009 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002023 | 00001385; 00002023 | Jefferson County Department of Health Title VI Complaint | 5 DPP | See entry for 00001385 |
| _00002027 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002033 | 00001451; 00001452; 00001490; 00002033 | Cases to Discuss (RED to OGC and Yellow for OCR to finish) | NR | Redactions should be non-responsive instead of Ex. 5 DPP, See Doc ID 00001451. |
| _00002034 | | Pending Title VI Complaint, EPA File No. 03R-15-R4 | | Release in Full |
| _00002060 | 00003495; 00000423; 00000568; 00000596; 00000908; 00000916; 00001483; 00001510; 00001797; 00001954; 00002060; 00000960 | GASP Title VI Admin Complaint Against Jefferson County Department of Health - redacted.pdf | | Release in Full |
| _00002607 | | Complaint No. 03R-15-R4; Response of Jefferson County Department of Health | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00002610 | 00002610; 00002612 | Emailing: 2015.03.11Walter .Complaint.pdf | 6 | Exemption 6 – personal privacy<br><br>Personal e-mail information of individuals who correspond with EPA has been redacted under FOIA Exemption 6 for personal privacy. The disclosure of this information would constitute a clearly unwarranted invasion of personal privacy. There is no public interest in the individuals' personal email information.  The information redacted on the basis of Exemption 6 for personal privacy is protected to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, is to prevent the possible burden of unsolicited telephone calls or written communications.  In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.<br><br>The only information withheld from this record is the information withheld under Exemption 6. All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining |
| _00002612 | 00002610; 00002612 | Emailing: ABC Complaint.pdf | 6 | Exemption 6 – personal privacy<br><br>Personal e-mail information of individuals who correspond with EPA has been redacted under FOIA Exemption 6 for personal privacy. The disclosure of this information would constitute a clearly unwarranted invasion of personal privacy. There is no public interest in the individuals' personal email information.  The information redacted on the basis of Exemption 6 for personal privacy is protected to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, is to prevent the possible burden of unsolicited telephone calls or written communications.  In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.<br><br>The only information withheld from this record is the information withheld under Exemption 6. All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining |
| _00002623 | 00001300; 00001394; 00002623; | Jefferson County Department of Health (JCDH) Investigation Management Team Meeting | | Released in full, see 00002623 |
| _00002661 | | Title 6 ABC Coke Complaint Call with HQ | | Released in Full |
| _00002662 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00002693 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; 00000440; 00000475; 00002693. In other near duplicates of this record, the "non-responsive" redaction on PDF Page 1015 of 1195 is redacted pursuant to Exemption 6 (e.g., 00000440), and released in full (e.g. 00000475) |
| _00002694 | | Title VI Complaint | | Released in Full |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00002696 | 00002696; 00003864 | Title 6 ABC Coke Complaint Call with HQ | 5 DPP | Exemption 5 - Deliberative Process Privilege<br><br>The withheld information in the email communication is protected under Exemption 5's deliberative process privilege because it is an internal conversation which reflects the question of EPA's staff that was helping guide how to best respond to an information request from the public. The withheld information does not represent an official Agency decision or policy and instead reflects analysis on issues still in development at the Agency. The withheld records are pre-decisional because they contain information selected by EPA staff and issues contemplated by EPA staff that would potentially be affected by EPA's response to this FOIA request.<br><br>All reasonably segregable and factual information within this email exchange has been released to Plaintiff. There is no remaining segregable information within the redacted portions of this email exchange. |
| _00002699 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00002700 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002702 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002704 | 00001770; 00001775; 00001776; 00002704; 00002705 | Title 6 Complaint for ABC Coke/ Jefferson County Dept. of Health | 5 DPP | Exemption 5 - Deliberative Process Privilege<br><br>The withheld information in the email communication is protected under Exemption 5's deliberative process privilege because it is an internal conversation which reflects the questions, deliberations, and responses of EPA's staff in determining how to best understand and respond to a reneweal permit. In addition, it reflects discussion between the EPA's Office of Civil Rights and other EPA staff members regarding the process to respond to petitions of objecting to permit renewals. The withheld information does not represent an official Agency decision or policy and instead reflects analysis on issues still in development at the Agency. The withheld records are pre-decisional because they contain information selected by EPA staff and issues contemplated by EPA staff that would potentially be affected by EPA's response to this FOIA request.<br><br>All reasonably segregable and factual information within this email exchange has been released to Plaintiff. There is no remaining segregable information within the redacted portions of this email exchange. |
| _00002705 | 00001770; 00001775; 00001776; 00002704; 00002705 | Title 6 Complaint for ABC Coke/ Jefferson County Dept. of Health | | The document containing the redacted text is an email exchange between EPA R4 attorneys in the Office of Regional Counsel and Office of Civil Rights attorneys, and other OCR staffers. The redacted text discusses potential upcoming Title VI investigations. The attorneys ask questions and provide their legal opinoins about the Title VI complaint, related air permits, and how the two topics intersect. The R4 attorneys are knowledgable about the legal aspects to the permitting process in Alabama. The OCR attorneys are knowledgeable about the Title VI complaints, and the other OCR program staff are receiving legal councel from the attorneys. The Office of REgional Counsel provides counsel to EPA R4 and other EPA offices and programs when the subject matter of the legal advice relates to issues within R4's states. Alabama is a Region 4 state. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00002707 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; |
| _00002719 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; |
| _00002724 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002763 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002767 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00002771 | | | NR | Non-Responsive |
| _00002775 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00003101 | | Ludder - Jefferson County Department of Health: Region 4 | | Released in Full |
| _00003104 | 00000644; 00000652; 00000690; 00003104 | follow up on Title VI complaints | | Released in Full |
| _00003209 | | Correction: NCDNR REACH Complaint | NR | Non-Responsive |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00003213 | 00000264; 00001745; 00003213 | | NR | The redacted text is non-responsive. This record is titled "2015 Title VI - Region IV Second Quarter Update." The only portion of this document that is responsive to the FOIA request was released in full, but the non-responsive portions redacted in 00000264 were released in Doc ID 00001745. Doc ID 00001745 contains additional non-responsive pages that are not found in Doc ID 00000264. |
| _00003215 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00003225 | | Petition Requesting the Administrator Object to Title V Permit for ABC Coke Facility (Request Assistance) | | Released in Full |
| _00003254 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00003354 | | Map, City of Birmingham, AL | | Released in Full |
| _00003355 | | | | Released in Full |
| _00003451 | 00000406; 00000409; 00000442; 00000478; 00000951; 00003451; 00003552; | requests for hearing with JCBH to contest Major Source Operating permits | | Released in Full |
| _00003456 | | JeffCo Board of Health rejects appeal of ABC Coke Permit | | Released in Full |
| _00003457 | | March MVD Status report | | Released in Full |
| _00003460 | 00003460; 00003553 | Walter Coke and ABC Coke | 5 DPP | Exemption 5 - Deliberative Process Privilege

The withheld information in the email communication is protected under Exemption 5's deliberative process privilege because it is an internal conversation which reflects the deliberations questions, and opinion of the EPA's staff in determining how to best respond to an information request from the public. The withheld information does not represent an official Agency decision or policy and instead reflects analysis on issues still in development at the Agency. The withheld records are pre-decisional because they contain information selected by EPA staff and issues contemplated by EPA staff that would potentially be affected by EPA's response to this FOIA request.

All reasonably segregable and factual information within this email exchange has been released to Plaintiff. There is no remaining segregable information within the redacted portions of this email exchange. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00003461 | | Walter Coke and ABC Coke | 5 DPP | Exemption 5 - Deliberative Process Privilege<br><br>The withheld information in the email communication is protected under Exemption 5's deliberative process privilege because it is an internal conversation which reflects a case that EPA's Office of Civil Rights is working on that involves the same attorney as the one for this petition. The information involves internal discussion about the situation and what needs to be acquired in order to best manage an information request from the public. The withheld information does not represent an official Agency decision or policy and instead reflects analysis on issues still in development at the Agency. The withheld records are pre-decisional because they contain information selected by EPA staff and issues contemplated by EPA staff that would potentially be affected by EPA's response to this FOIA request.<br><br>All reasonably segregable and factual information within this email exchange has been released to Plaintiff. There is no remaining segregable information within the redacted portions of this email exchange. |
| _00003495 | | GASP Files Civil Rights Complaint Against JCDH - GASP | | Released in Full |
| _00003552 | 00000406; 00000409; 00000442; 00000478; 00000951; 00003451; 00003552; | requests for hearing with JCBH to contest Major Source Operating permits | | Released in Full |
| _00003553 | 00003460; 00003553 | Walter Coke and ABC Coke | | Released in Full |
| _00003702 | | | | Released in Full |
| _00003703; 00003752 | | Title V fee information request | | Released in Full |
| _00003704 | | compliance certifications | | Released in Full |
| _00003712 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00003740 | | Title V permit modification | NR | Non-Responsive |
| _00003746 | | | | Released in Full |
| _00003749 | | ACIPCO | | Released in Full |
| _00003750 | | | NR | Non-Responsive |
| _00003752; 003703 | | Title V fee information request | | Released in Full |
| _00003753 | | compliance certifications | | Released in Full |
| _00003761 | | wrap up from North Birmingham Air Permitting Workshop. | | Released in Full |
| _00003762 | | wrap up from North Birmingham Air Permitting Workshop. | | Released in Full |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00003802 | 00001462; 00003802 | boilerplate acknowledgement letters | NR | Non-Responsive, 3-23-16 production |
| _00003806 | | FYI. Claim that EPA's scope of authority position contradicts Sandoval. | NR | Duplicate, redacted as  Non-Responsive. |
| _00003813 | | URGENT - acknowledgement letters in Kettleman Hills complaint | NR | Non-Responsive |
| _00003851 | 00000403; 00000440; 00000445; 00000446; 00000447; 00000448; 00000449: 00000475; 00000687; 00000859; 00000861; 00001295: 00002693; 00002707; 00002719; 00003851. | Title VI complaint vs ABC Coke/Drummond | 5 DPP & ACP | See Vaughn Entry for 00000403; |
| _00003852 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00003860 | 00003860; 00003866 | Upcoming DOJ Docket (May 6th - 7th) - Slight Agenda Time change | | Released in Full |
| _00003864 | 00002696; 00003864 | Title 6 ABC Coke Complaint Call with HQ | | Redacted text on document's page 00001 (pdf page (1157) reads "What did we tell them about Walter coke?"; The redacted text on 00002 (PDF page 1158) reads: "Now that they are aware of the active matters on both Walter Coke and ABC Coke, Helena says she wants to go back and speak with OGC, so that tehre's no negative impact to the enforcement case." |

Vaughn Index - FOIA Request EPA-HQ-2015-004930 (Title VI Request)

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00003866 | 00003860; 00003866 | Upcoming DOJ Docket (May 6th - 7th) - Slight Agenda Time change | 5 DPP; 6 | Exemption 5 - Deliberative Process Privilege

At the time of the discussions, the Agency had not made a final decision concerning listing of the ABC Coke Plant and EPA was still deliberating on the best Agency-wide approach for coordinating its response. The withheld information is deliberative because EPA employees and managers were still internally discussing issues concerning EPA action related to the site. The record reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision making process prior to its actions regarding the site.  The emails do not constitute a final Agency action.

Exemption 6 – personal privacy

Personal phone number of an individual who corresponded with EPA has been redacted under FOIA Exemption 6 for personal privacy. The disclosure of this information would constitute a clearly unwarranted invasion of personal privacy. There is no public interest in the individuals' personal email information.  The information redacted on the basis of Exemption 6 for personal privacy is protected to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, is to prevent the possible burden of unsolicited telephone calls or written communications.  In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

The only information withheld from this record is the information withheld under Exemption 5 & 6. All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. |
| _00003901 | 00001748; 00003901 | As requested: Jefferson County 4700 form | | Released in Full |
| _00003905 | | Jefferson County Department of Health Title VI Complaint | | Released in Full |
| _00003913 | | Correction: NCDNR REACH Complaint | NR | Non-Responsive |
| _00003919 | 00000622; 00001496; 00001753; 00001758; 00002662; 00002699; 00003215; 00003852; 00003919 | Ludder Complaint and Acceptance Ltr (ABC) & Ludder Complaint (Walter) | | Released in Full |
| _00004001 | | Please review | | Released in Full |
| _00004003 | | | | Released in Full |
| _00004012 | | Please review | NR | Non-Responsive |
| _00004075 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | Released in Full, 3-23-16 |
| _00004097 | | | | Released in Full |
| _00004108 | 00004109; 00004140 | availability for a check in | | Released in Full |
| _00004109 | 00004109; 00004140 | availability for a check in | | Released in Full. Note: page 2 of 00004109 (PDF page 1187 of 1195) is blank. No redactions applied. |

| Document ID | Threads, Duplicates, Attachments | Subject | Exemption | Vaughn Explanation |
|---|---|---|---|---|
| _00004129 | | | | Released in Full |
| _00004136 | | circling back | NR | Non-Responsive |
| _00004140 | 00004109; 00004140 | availability for a check in | NR | Duplicate of other records, redacted as Non-Responsive. |
| _00004170 | 00002700; 00002702; 00002724; 00002763; 00002767; 00002775; 00003712; 00004170; 00004075 | Jefferson County Department of Health Title VI Complaint | | See 00004075 |
| 00001856; 00001863; 00001864; 00001955; 00001956; 00001957; 00003351; 00003352; 00003363; 00003364; 00000272; 00000273; 00000661; 00000666; 00000704; 00000705; 00000707; 00001034; 00001036; 00001037; 00001038; 00001201; 00001367; 00001513; 00001610; 00001611; 00001614; | 00001856; 00001863; 00001864; 00001955; 00001956; 00001957; 00003351; 00003352; 00003363; 00003364; 00000272; 00000273; 00000661; 00000666; 00000704; 00000705; 00000707; 00001034; 00001036; 00001037; 00001038; 00001201; 00001367; 00001513; 00001610; 00001611; 00001614; 00001615; 00001853; 00001854; 00001861; 00001862 | Civil Rights Complaint Against Alabama Health Department | 5 DPP | This group of records is part of various related email strings between OGC, OCR, and Office of Public Affairs. The emails discuss strategies for responding to a press inquiry.

EXEMPTION 5 DELIBERATIVE PROCESS PRIVILEGE. The redacted text is pre-decisional and deliberative opinion expressed by Jennifer Colaizzi to her Agency colleagues about handling a press inquiry. Ms. Colaizzi expressed her thoughts and shared those thoughts with multiple agency colleagues. The withheld portion does not contain an official agency policy or decision. Ms. Colaizzi shared her opinion with others involved in the decision making process. The redacted text is deliberative because EPA employees and manages were discussing a press inquiry and how to best respond. The record reflects Ms. Colaizzi's analysis of the press inquiry and her agency colleagues were considering and discussing Ms. Colaizzi's opinion. Release would discourage Ms. Colaizzi and other agency employees from engaging in open and frank discussions about the agency's strategies. Release would also have a chilling effect on agency decision-making processes, and on the AGency's ability to have internal discussion and consultations concerning public messaging. Ms. Colaizzi's opinions were not circulated outside of the Agency.   All Redactions in this group of documents should be Ex. 5 DPP.  Some of the records in this group are released in full (e.g., 00001031; 00003364; 00000273; 00000707; 00003351; 00003352) |